VAUGHN *v.* CATOR, Executor, and others.

(*Nashville.*    December 23d,  1886.)

WILL.    *Construction.    Legatee dying without issue.    Does not defeat vested legacy.    When legatee's right is vested.* ·

A testator, by his will, bequeathed to B. S., his reputed son, a legacy of $1,000; and then directed the remainder of his estate, not specifically bequeathed, to be sold, and the proceeds, after payment of debts and special bequests, to be divided between certain nephews and nieces and said reputed son.  In a codicil he provided: "For the purpose of making a change in the bequest to B. S., in the event B. S. dies without lawful issue, then the property therein bequeathed shall revert to my estate, and be equally divided among the other named heirs in said will, of which this is a codicil."  The testator died in 1871; B. S., the legatee, died in 1877 without issue.

*Held:* That upon the testator's death the bequests to B. S. became absolute and indefeasible; and were not defeated or divested by the fact of B. S.'s subsequent death without lawful issue—the codicil having no application or effect, except in the event of the legatee's death happening before the testator's.

Cases cited and approved:   Montague *v.* Nucella, 1 Russ., 165.

---

FROM  WILLIAMSON.

---

Appeal from the Chancery Court of Williamson County.    W. S. FLEMING, Ch.

COOK & MARSHAL for Complainant.

T. W. TURLEY for Defendants.

TURNEY, C. J. The third item of the will of Bazil Berry is: "I give and bequeath to Bazil Smith, my reputed son, and the child of Mrs. Adaline Smith, one thousand dollars."

Seventh item: "I direct that the remainder of my estate not herein specifically bequeathed, together with my stock and other personal property, be sold; and the proceeds of said sales, added to all other means I may die possessed of or may come into the hands of my executor, shall, after paying my debts and the special bequests hereinbefore stated, be equally divided between the following named persons, viz.: Bazil Smith, my reputed son by Mrs. Adaline Smith; my nephews, Thomas B. Hamilton, Andrew J. Hamilton, Benjamin B. Berry, Mansfield Lafayette Berry, Thomas T. Berry; my nieces, May Myers, Sarah Whitefield, Mary I. Moten, and Harriet Cator."

In a codicil he says: "For the purpose of making a change in the bequest to Bazil Smith; in the event Bazil Smith dies without lawful issue, then the property therein bequeathed shall revert to my estate, and be equally divided among the other named heirs in said will, of which this is a codicil." The testator died in 1871, Bazil Smith in 1877 without issue, his mother surviving. The question is, To whom does the interest of Bazil Smith belong?

The will of Bazil Berry took effect at the instant of his death to the full extent of its directions. There is no limitation to the estate given

to Bazil Smith. Nothing in the will to prevent him or his guardian from taking control and exercising unqualified power of disposition of the estate. For so much as had not been reduced to his possession he had at the time of his death a right of action against the executor of the will. If the estate had been reduced to possession, there is no provision in the will to restrain or limit its use, conversion, or disposition by the devisee. The title having thus vested, it cannot be divested or qualified by a subsequent event.

The testator has not provided for restriction, limitation, or contingent defeasance, and the courts cannot.

Unless we imply a purpose not inferable from the language of the will, we are constrained to hold that the meaning of the testator was that if his reputed son died before himself the others named should take. Otherwise, we have the title suspended for the uncertain period of the life of Bazil Smith, with all the rights of absolute ownership in him; and the estate is consumed or disposed of by him with no right in any one to prevent that consumption or disposition in its progress, or to have those who may have participated in it account.

Edward Van Harthan by his will made this bequest: "I leave and bequeath to Edward Proudfoot Montague the sum of £15,000 capital in the consolidated three per cent. annuities over and above any other advantage he may derive under

Vaughn *v.* Cator, Executor, and others.

this will. I leave and bequeath £10,000 capital in the consolidated three per cent. annuities to each of my nephews and nieces [naming them]. * * I appoint as my residuary legatee my before-named nephew, Edward Proudfoot Montague, his child or children born in lawful wedlock. In case of his death .without any such, then the residuary interest to vest in my other nephews and nieces before described then alive, share and share alike, and as before to each of their respective child or children born in wedlock; and in case of either of their deaths without any such issue, then his or her share to be divided, share and share alike, amongst the survivors, or to vest in the last survivor, or his or their representative."

The Court said: "The true construction is to vest the legacies absolutely in the nephews and nieces who survived the testator, and that the child or children of nephews or nieces took only as substitutes for their parent or parents dying in the testator's lifetime." *Montague* v. *Nucella*, 1 Russell's Rep., 165.

The principle governs this case. Bazil Smith having died intestate without issue, his mother inherits, and will recover his interest under the will.

The decree is reversed, report of Commission set aside, and decree for the mother with costs of cause.