Katzenberger v. Weaver.

KATZENBERGER *et al. v.* WEAVER.

(*Jackson.* April Term, 1903).

1. **WILLS.** Construction of. Devise, with gift over "in case of" death of devisees take effect, when.

It is an established rule in the construction of wills, that where a devise, or bequest, is made to a person with a gift over in case of the death of the devisee, or legatee, the gift over is contingent upon such devisee or legatee dying in the lifetime of the testator; therefore, where a devise, or bequest, is made to A,. and in case of his death, or if he die to B, A surviving the testator takes the estate devised absolutely. (*Post, pp.* 629-632.)

Cases cited: Lowfield v. Stoneham, 2 Stra., 1261; Northey v. Burbage, Pre. Ch., 471; Hinckley v. Simmons, 4 Ves., 160; King v. Taylor, 5 Ves., 806; Turner v. Moor, 6 Ves., 556; Cambridge v. Rous, 8 Ves., 12; Webster v. Hale, Id., 410; Ommaney v. Bevan, 18 Ves., 291; Wright v. Stevens, 4 B. and Ald., 574; Lord Binden v. Earl of Suffolk, 1 P. Williams, 96; Crigan v. Baines,. 7 Sim., 40; Taylor v. Stainton, 2 Jur. (N. S.), 634; Howard v. Howard, 21 B., 550.

2. **SAME.** Same. Same. That gift over is to children of devisee does not alter rule; applies both to realty and personalty.

The rules of construction, stated in the first headnote, is not affected by the fact that the gift over, in case of the death of the devisee, is to his children and the rule applies to devisees of realty as well as bequests of personalty. (*Post, p.* 630.)

Citing: Slade v. Milner, 4 Mad., 144; Schenck v. Agnew, 4 K. & J., 405; Rogers v. Rogers, 7 W. R., 541.

Katzenberger v. Weaver.

3. **SAME.** Same. Contingent remaindermen proper parties, when. Supreme court will remand upon demurrer improperly sustained, when. Case in judgment.

The testator devised one half of his property to his wife, and the other half to his three children, a married daughter and two sons. By a subsequent clause of his will, he provided that "in case" any of his children named in the will "shall die leaving a child or children at the time of his or her death," the property thereby devised to a child or children so dying should go to the surviving grandchild or grandchildren. In conformity with the desire of the testator as expressed in the third clause of the will, his married daughter, in the division and settlement of the estate, became the owner of a certain house and lot in Memphis, which she and her husband contracted to sell to one Weaver, who, after a part payment, objected to the title on the ground that the testator's other children and the children of said married daughter, took a contingent interest in said property under said will.

Thereupon, the married daughter and her husband as complainants, filed a bill against said Weaver as defendant, to enforce specific performances of said contract of sale. Defendant Weaver filed an answer and cross bill against, not only the complainants in the original bill, but also their children, and the children of testator's two sons. All of said grandchildren being minors, a guardian *ad litem* was duly appointed for each of them. The original complainants demurred to the cross bill on the ground that said grandchildren were not proper parties. The demurrer was sustained and the cross bill dismissed on the ground that said grandchildren had no interest in the property and were improperly made defendants. The cause was then heard upon the original bill and the answer thereto, and the chancellor held the title of the married daughter good and decreed specific performance. Defendant Weaver appealed and both he and the minors assigned errors.

*Held*: 1. That testator's grandchildren took an interest in the property devised only in the event of their respective parents. dying before the death of the testator, and the married daughter surviving the testator took the share devised to her absolutely.

Cases cited and approved: Vaughn v. Cator, 85 Tenn., 302; Meacham v. Graham, 98 Tenn., 190.

Cases distinguished: Alston v: Davis, 2 Head, 268; Cowan, McClung & Company v. Wells, 5 Lea, 682; Hottell v. Browder, 13 Lea, 676; Stovall v. Austin, 16 Lea, 700; Armstrong v. Douglass,. 89 Tenn., 219.

2. That complainant's children, while not necessary parties, were proper parties defendant to the cross bill filed by defendant. That although the question of construction could have been settled with no one before the court except the original complainants, and the defendant, the decree would not have been. binding as *res adjudicata* on complainant's children.

3. Testator's other grandchildren were not proper parties defendant to the cross bill.

4. The demurrer having been improperly sustained on the ground. that complainant's children were not proper parties defendant to the cross bill, no decree granting specific performance could be entered, but the cause was remanded for issue in the cross. bill and other proceedings in conformity with the opinion of the court. (*Post, pp.* 623-637.)

4. **STARE DECISIS.** Doctrine of, does not apply where particular point or rule in question was not considered by court in cases urged as controlling.

Although a case should be found presenting a state of facts to which the rule, stated in the first headnote might have been applied, yet if the court did not have the rule in mind and upon some other ground than an intentional disregard of it, reached a conclusion in the solution of the case, the same as that which.

would have been reached upon a purposed disregard of it, such case would not be authority for the proposition that the court had abrogated or declined to enforce the rule. (*Post, pp.* 635-636.)

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.— F. H. HEISKELL, Chancellor.

COOPER, HIRSH & COOPER, and GEORGE HIRSH, for Katzenberger.

HUNSDON CARY, for Weaver.

MR. JUSTICE NEIL delivered the opinion of the court.

On the 20th day of March, 1900, Jacob Gans died, leaving a will in which he disposed of his property as follows:

In the first paragraph of his will he gave to his wife, Bluma Gans, one-half of all of his real and personal property, absolutely.

The second paragraph reads as follows: "I will that the rest and residue of my estate, real and personal, shall be divided equally, share and share alike, between my said children, Gus M. Gans, Solomon Gans, and Elizabeth M. Katzenberger, and I desire in making said

division among them an account may be taken of any and all advances that I may have made to each up to the time of my death.

The third paragraph, after stating that the two sons of the testator were in the mercantile business in the city of Little Rock, Ark., and that his daughter, Elizabeth, lived in a house in the city of Memphis that belonged to him, expressed the testator's desire that in the division of the estate the sons should take the mercantile property, and the daughter the house and lot in Memphis.

The fourth paragraph of the will reads as follows: "In case any of my children herein named, shall die leaving a child or children at the time of his or her death, then my will is that the property hereby devised and bequeathed to such child or children so dying shall go to the surviving child or children of such child or children so dying, and that the rents, issues, and profits of said property hereby devised and bequeathed shall be applied to the support, maintenance and education of such surviving child or children until they become of full age, at which time said property shall go to them equally and in fee simple, provided that if either of my said sons shall die leaving a widow, then my will is that such widow shall receive the income of the property devised and bequeathed to said sons during the time of her widowhood, the title to said property remaining in the children of such sons dying as aforesaid, and upon the death or marriage of such widow the rents, issues, and profits of the property shall

go to the said child or children of any such son of mine dying as aforesaid."

The fifth paragraph designated the widow as sole executrix, and the sixth and last paragraph revoked other wills.

Such negotiations and settlements were had between the widow and her children as that she and the two sons released to Mrs. Elizabeth Katzenberger all of their interests in the house and lot in Memphis.

After Mrs. Katzenberger thus acquired the sole interest in the house and lot, she and her husband, the complainant William Katzenberger, contracted to sell this property to the defendant, Dudley S. Weaver, the consideration expressed in the contract being $11,000, but $1,500 of this was really for the furniture in the house, which had already been delivered and paid for.

After the contract was entered into, Mr. Weaver declined to receive a deed to the property, upon the ground that he could not get a good title. His objection to the title was that under the fourth paragraph of the will quoted above, the children of Mrs. Katzenberger and also of her two brothers took an interest in the property.

Upon the foregoing objection being made, Katzenberger and wife filed a bill, the original bill in the present case, for the purpose of obtaining a specific performance of the contract, tendering with the bill a deed duly executed by themselves.

No one was made a defendant to this bill but Mr.

110 Tenn—40

Weaver. He, however, filed an answer and cross bill, bringing in as defendants to the cross bill Bernice Gans, the daughter of Sols Gans, Leah, Rosalin, and Jacob Gans, the children of Gus M. Gans, and Irene DeYoung. Hyman and William M. Katzenberger, children of the complainant, Elizabeth M. Katzenberger; also Edward Hyman, the husband of the said Irene. He also made defendants to the cross bill the original complainants, William Katzenberger and his wife, the said Elizabeth.

All of the aforesaid children were minors and nonresidents of the State, and were duly brought before the court by publication. A guardian *ad litem* was appointed to represent the interests of each, and he answered for each of them. There was an order *pro confesso* taken against Edward Hyman, who had been legally brought before the court.

The original complainants, Katzenberger and wife, demurred to the cross bill, on the ground, among other things, that the above-mentioned children were not proper parties.

The chancellor sustained the demurrer, and dismissed the cross bill on the ground that the minor defendants above mentioned had no interest in the property, and were improperly made defendants. He thereupon heard the case upon the original bill and answer, adjudged that the title was good, and decreed a specific performance as prayed in said original bill. The defendant Weaver has appealed, and assigned errors. The minors have also assigned errors.

The chief question to be determined arises upon the construction of the will.

For the appellant it is insisted that, under a true construction of the fourth paragraph of the above-mentioned will, the minor defendants to the cross bill took some kind of interest in the property.

Complainants in the original bill deny that this is the true construction, and insist, under the authority of *Vaughn* v. *Cator,* 98 Tenn., 302, 2 S. W. 262, and *Meacham* v. *Graham,* 98 Tenn., 190, 39 S. W., 12, that under a true construction of the said fourth paragraph the aforesaid minors, grandchildren of Jacob Gans, could take no interest except in the event of their respective parents dying before the death of the testator, and that, inasmuch as all of Jacob Gans' children survived him, their estates became absolute.

In *Vaughn* v. *Cator,* the codicil construed read as follows: "For the purpose of making a change in the bequest to Bazil Smith; in the event Bazil Smith dies without lawful issue, then the property therein bequeathed shall revert to my estate and be equally divided among the other named heirs in said will, of which this is a codicil." The words "dies without lawful issue" were construed to mean death during the lifetime of the testator. Bazil Smith survived the testator, and died several years after, without issue, his mother surviving him. It was held that upon the death of the testator, leaving Bazil Smith surviving, the estate of the latter

became absolute, and upon his death without issue his mother took the estate as his heir at law.

In the case of *Meacham* v. *Graham* so much of the will as is pertinent to the present inquiry was as follows: After giving an estate to the testator's daughter, Thomasella, the will proceeded, "In the even of her death without living children, her share of the estate to go to my sons, John M. and Harry H., equally; and, in case either of them shall be dead, leaving living children, then to their child or children." The words "in the event of her death without living children" were held to mean in the event of her death without living children, before the death of the testator; and it was further held that, having survived the testator, she took the absolute estate. 98 Tenn., 195, 207, 39 S. W., 13.

It is observed that in both of these cases the event provided against was the dying without child or children; and in these cases, and the numerous authorities cited in the latter opinion, it is indicated as a general rule that, where there is a limitation over upon the dying of one without children or issue, without more, and an estate is given such one, the words shall be held to import a death in the lifetime of the testator.

As thus stated, the present case does not fall within the scope of the two cases referred to, inasmuch as the will invoved in the present controversy involves the contingency of the devisees, and legatees of the testator, his children, dying leaving children. This apparent divergence has induced the citation on the part of counsel

for defendant Weaver, and also on the part of the guardian *ad litem,* of several of our reported cases, which, when cursorily examined, seem to support their contention. These cases will be presently considered.

The rule announced in *Meacham* v. *Graham,* and indicated in *Vaughn* v. *Cator,* is but a particular expression of a much wider rule of construction applicable to wills.

In 3 Jarman on Wills (Randolph & Talcott's Ed.), 605 [\*1564], it is said that where a bequest is made to a person, with a gift over in case of his death, a question arises whether the testator uses the words "in case of" in the sense of "at" or "from," and thereby as restrictive of the prior bequest to a life interest, that is, as introducing a gift to take effect on the decease of the prior legatee under all circumstances, or with the view to create a bequest, in defeasance of or in substitution for the prior one, in the event of the death of the legatee, in some contingency. "The difficulty in such cases," continues the author, "arises from the testator having applied terms of contingency to an event of all others the most certain and inevitable, and to satisfy which terms it is necessary to connect with death some circumstance in association with which it is contingent. That circumstance is naturally the time of its happening; and such time, where the bequest is immediate (i. e., in possession), necessarily is the death of the testator, there being no other period to which the words can be referred. Hence it has become an established rule, that where the bequest is

simply to A., and in case of his death, or if he die, to
B., A. surviving the testator takes absolutely." The
following cases are cited in support of the rule: *Low-
field* v. *Stoneham,* 2 Stra., 1261; *Northey* v. *Burbage,*
Pre. Ch., 471; *Hinckley* v. *Simmons,* 4 Ves., 160; *King* v.
*Taylor,* 5 Ves., 806; *Turner* v. *Moor,* 6 Ves., 556; *Cam-
bridge* v. *Rous,* 8 Ves., 12; *Webster* v. *Hale,* Id., 410;
*Ommaney* v. *Bevan,* 18 Ves., 291; *Wright* v. *Stevens,* 4
B. & Ald., 574.

In Theobald on Wills, p. 336, the following rules are
laid down for the construction of such clauses: "If
there is an immediate gift to A., and a gift over in case
of his death, or any similar expression implying the
death to be a contingent event, the gift over will take
effect only in the event of A.'s death before the testator."
—citing *Lord Bindon* v. *Earl of Suffolk,* 1 P. Williams,
96; *Crigan* v. *Baines,* 7 Sim., 40; *Taylor* v. *Stainton,* 2
Jur. (N. S.), 634. "So, too, a gift to several, and in case
of the death of either in the lifetime of the others, or
other, was confined to the death before the testator, the
death of one before the other being a certain and not
a contingent event"—citing *Howard* v. *Howard,* 21 B.,
550. "It makes no difference that the gift in case of A.'s
death is to his children." *Slade* v. *Milner,* 4 Mad.,
144; *Schenck* v. *Agnew,* 4 K. & J., 405. And the rule ap-
plies in devises of realty, as well as in bequests of per-
sonalty. *Rogers* v. *Rogers,* 7 W. R., 541.

Speaking further of the rule, Mr. Jarman says: "The
case of *Trotter* v. *Williams* (Pre. Ch., 78; 2 Eq. Cases,

Al., 344) appears to have carried this construction to a great length. J. S. bequeathed to A. 500 pounds, to B. 500 pounds, and in a like manner gave 500 pounds apiece to five others, and, if any died, then her legacy, and also the residue of his personal estate, to go to such of them as should be then living, equally to be divided betwixt them all. The court held that these words referred to her dying before the testator, so that the death of any of the legatees. after would not carry it to the survivors. The word 'then' seemed to present some difficulty in the way of the construction adopted in this case. It followed immediately after the reference to the death of the legatee, and might with great plausibility have been held to refer to that event whenever it should happen, for a testator could hardly intend to make existence at a period anterior to his own death a necessary qualification of a legatee. This case exhibits the extreme point to which the construction in that direction has been carried."

Numerous other illustrations might be given from the cases referred to in the text of Jarman, and in the notes of the edition referred to, but the foregoing will suffice. It is clear, on comparing the fourth paragraph of the will of Jacob Gans with the rule above announced, that the former falls within the terms of the latter, and is controlled by it.

But, before leaving the subject, we shall say a few words in explanation of the cases in our own reports referred to by counsel as being in contravention of the

rule. Before referring to these cases, however, it is necessary that we should note the following qualifications of the rule: Mr. Jarman says: "But although, in the case of an immediate gift, it is generally true that a bequest over, in the event of the death of the preceding legatee, refers to that event occurring in the lifetime of the testator, yet this construction is only made, *ex necessitate rei,* from the absence of any other period to which the words can be referred, as a testator is not supposed to contemplate the event of himself surviving the object of his bounty; and consequently, where there is another point of time to which such dying may be referred (as obviously is the case where the bequest is to take effect in possession at a period subsequent to the testator's decease), the words in question are considered as extending to the event of the legatee dying in the interval between the testator's decease and the period of vesting in possession." It is elsewhere shown in the text that qualifying expressions used in the will, or attendant circumstances proven, may suffice to make the words under consideration refer to death at any period. Sundry illustrations are given in the text, but we need not incumber this opinion with them. With the principle in view, we shall now examine the cases referred to.

*Alston* v. *Davis,* 2 Head, 268, could in no event apply. The clause of the will there referred to contains directions to the executors, and hence, of necessity, referred to a date after the testator's death, when the executor's would be in the discharge of their duties.

In *Cowan, McClung & Co.* v. *Wells,* 5 Lea, 682, the clause under examination read as follows: "I direct that should my son Luther F. Wells die without heirs, then and in that case, the property that I have hereby given to him shall be equally divided between my three daughters, Linda Lane, Louisa Nash, and Lavena Miller." Construing this clause, the court said: "If the contingency happens, the limitation over in favor of the sisters takes effect; if it does not happen, the absolute. gift to the first taker remains undisturbed; and in neither event do the children of Luther F. take any interest under the will."

The will in the case referred to came up for construction after the death of the testator, and the court and counsel seem to have tacitly regarded the matter from the standpoint of the then existing status, and to have assumed without stating the point, that the death referred to was death after the death of the testator. There may have been and we must infer that there were other parts of the will, not stated in the opinion, which made the point clear, only a small portion of the will being set out. The rule of construction which we have under consideration in the present case was not referred to in any way, and does not seem to have been in the mind of the court, or of the judge delivering the opinion, at the time. If there was nothing in other parts of the will explaining the language used, or no circumstances shown indicating that the testator had in mind a death subsequent to his own, it would seem that this

case should have been decided differently, according to the principle recognized and enforced in the later cases of *Vaughn* v. *Cator,* supra, and *Meacham* v. *Graham,* supra; yet, on the assumption that a death after the testator's death was indicated by other expressions in the will, the proper legal consequences were deduced, and the case was correctly decided. However, as the rule of construction under examination in the present case was not considered in *Cowan, McClung & Co.* v. *Wells,* that case cannot, as pointed out below, be taken as an authority against the rule.

In *Hottell* v. *Browder,* 13 Lea, 676, it appears that the will was executed when the testator was very low, was unable to sit up, never expected to recover, and in fact was upon his deathbed; and his daughters were strong and healthy. These facts were sufficient to negative the construction that the testator referred to his daughters dying before his death, and to give to the expression "in case of the death of either of my daughters" (the cause being, "and in case of the death of either of my said daughters above named, then my will is that all the part of my estate which I hereby give to her shall go and descend to her children") the general meaning of death at any time. And it was so held in that case.

In *Stovall* v. *Austin,* 16 Lea, 700, 704, 705, it appeared that the codicil was made two days before the death of the testator; also that the language used in the codicil, which was the portion of the will under construction, was that, in the event of the death of testator's

daughter or daughters leaving a child or children, "such child or children shall succeed to and take all the rights of its or their mother," etc.   The words "succeed to and take" indicated that the testator was looking to a time beyond his death, and that the words "in the event of the death of either of my said daughters" should bear the general meaning of death at any time.

In *Armstrong* v. *Douglass,* 89 Tenn., 219, 14 S. W., 604, 10 L. R. A., 85, no reference to the rule under consideration in the present case was made.   The court was considering another rule altogether — the rule against perpetuities.   However, it seems to have been assumed in that case that the language was broad enough to cover death at any time, either before or after the testator's death.   And manifestly this assumption was correct, as will be seen from reading the fourteenth and fifteenth clauses together of the will there copied.   When so taken together they show beyond controversy that the testator was referring to a period beyond his death.

As already intimated, in none of the cases, except in *Hottell* v. *Browder,* was the rule referred to in the present case considered, or apparently at all in the mind of the court at the time.   We shall add the observation that, although a case should be found presenting a state of facts to which the rule might have been applied, yet if the court did not have the rule in mind, and, upon some other ground than an intentional disregard of it, reached a conclusion, in the solution of the case, the same as that which would have been reached upon a pur-

posed disregard of it, such case would not be authority
for the proposition that the court had abrogated or de-
clined to enforce the rule.

Recurring now to the case in hand, we have already
indicated the construction which we think the will
should bear. It remains to state that we are of the
opinion that the children of Mrs. Katzenberger were
proper parties, and the demurrer to the cross bill should
not have been sustained on the ground that they were
not proper parties. The cross complainant had the
right to bring them before the court for the purpose of
settling their claims, and thereby removing any doubt
that might be cast upon his title. Of course, the ques-
tion of construction could have been settled with no
one before the court except the original complainants
and the defendant, Weaver; but the decree would not
have been binding, as *res adjudicata,* on the children.
We do not think that the children of the two brothers
of Mrs. Katzenberger were proper parties, as under a
true construction of the will they could in no event take
thereunder the property devised to Mrs. Katzenberger;
but, as there was no demurrer directed specially to their
status before the court, they will have to remain in the
cause until the final decree.

No final decree granting a specific performance can be
entered in this court, owing to the fact that the cross
bill is before the court on the demurrer of the original
complainants. All that can be done here is to enter a de-
cree construing the will in the manner above directed,

Katzenberger v. Weaver.

and remand the cause for issue on the cross bill, and other proceedings looking to a final decree settling the rights of the parties.