## TEMPLETON v. STONG *et al.*

*(Nashville,* December Term, 1944.)

Opinion filed June 30, 1945.

HAYNES & GREEN, of Winchester, for complainant Templeton.

BEN KINGREE, JR., of Shelbyville, for defendant Winford, appellant here.

MR. JUSTICE GAILOR delivered the opinion of the Court.

In the Chancery Court of Bedford County, Jessie Templeton filed a bill under the Declaratory Judgment Statute, Code secs. 8835-8847, to secure the construction of a certain deed and to have herself declared the owner in fee simple absolute of a certain tract of land described

therein. Mrs. Julia Stong, Mrs. Mattie Winford and others, as heirs at law of the grantor, W. W. Gant, were made defendants to the bill. On failure of the defendants to answer or otherwise plead, orders *pro confesso* were entered against them. No order setting aside these *pro confessos* appears in the record, but since no point is made of this fact by counsel, it need not be considered here.

After the date of the *pro confessos,* one of the defendants, A. E. Stong, filed a demurrer and the defendant, Mrs. Mattie Winford, filed a demurrer coupled with an answer. By consent, the cause was heard by the chancellor on the bill, the demurrer of A. E. Stong, and the demurrer and answer of Mrs. Mattie Winford. The chancellor overruled the demurrers and granted the prayer of the bill decreeing the complainant, Jessie Templeton, to be the absolute owner in fee simple of the land described in the deed. From this action of the chancellor, the defendant, Mrs. Mattie Winford, alone, has perfected her appeal to this Court and assigned errors.

All the assignments of error are based on the action of the chancellor in overruling the demurrer of the appellant, but the single question presented by the appeal is stated in appellant's brief to be: What was the nature of the estate that the complainant, Jessie Templeton, took under the deed which she sought to have construed by her original bill?

The pertinent parts of the deed presented to the chancellor for construction, omitting the description of the land, which is not in dispute, are as follows:

"For and in consideration of the natural love and affection which I have *for my wife, Tennie Gant, and my daughter, Jessie Templeton,* I, W. W. Gant, have this day bargained and sold and do hereby transfer and con-

vey *to Tennie Gant and Jessie Templeton,* subject to the conditions and limitations hereinafter set out, all the right, title, claim and interest which I have in and to a certain tract or parcel of land lying and being in the 20th Civil District of Bedford County, Tennessee, known as the Home Place and being bounded and described as follows: . . .

"To have and to hold the same to my wife, Tennie Gant, for and during her natural life and *at her death* to my daughter Jessie Templeton, if she is *then* living, if she is dead to her children *then* living, or the representatives of such as may be dead, . . . and in the event of the death of Jessie Templeton dying without children, or the representatives of such, *then* in the event said land is to revert back to my legal heirs. . . .

"Witness my hand this, December 29, 1915.

"W. W. Gant."

(Italics ours.)

Jessie Templeton has died since the decree of the chancellor and the cause has been properly revived in the name of her executor, to whom she devised the land for sale and for distribution of the proceeds.

It is the insistence of the appellee that under the foregoing deed, Jessie Templeton took a fee simple absolute, since she survived her mother, Mrs. Tennie Gant, who died on October 31, 1925, and it is insisted on the contrary by the appellants, that under the language of the foregoing deed Jessie Templeton took a conditional or base fee which was determined on her death without children or the representatives of children. The paramount rule of construction to which all others are subservient is that the intention of the grantor is to be decided by consideration of the words he used. And as a corollary, to reach that intention, it is proper to con-

sider the entire instrument without regard to the technical parts or divisions of the deed. *Nashville, C. & St. L. Ry.* v. *Bell,* 162 Tenn. 661, 39 S. W. (2d) 1026, and the many cases there cited. *Hicks* v. *Sprankle,* 149 Tenn. 310, 257 S. W. 1044.

■ From the express language of the consideration and granting clause of the deed, it is manifest that the wife, Tennie Gant, and daughter, Jessie Templeton, were the immediate and exclusive objects of the gift by the grantor, and that by the deed Jessie Templeton took a vested remainder. It is equally true from the words used in the granting clause, that by the deed the grantor undertook to divest himself of all right, title, interest and property which he had in the land conveyed.

The "conditions and limitations" mentioned in the granting clause are contained in the *habendum.* There the grantor first gave to his wife an estate for life, and *in a single sentence* then undertook to provide for all possible eventualities that might have become actual on his wife's death. These are three, and they are set out in a single sentence of the *habendum*: First, if Jessie Templeton survived her mother she was given an estate in fee simple absolute in the remainder; second, or if during her mother's lifetime she had died and left children or representatives of children, such children or their representatives took the fee simple absolute; third, or finally, if at the date of his wife's death, Jessie Templeton had died leaving neither children nor representatives of children, then and in that event the fee simple absolute reverted to the legal heirs of the grantor.

Since under Code, section 7597 (compare *Bost* v. *Johnson,* 175 Tenn. 232, 133 S. W. (2d) 491), use of the word "heirs" was unnecessary to create a fee simple absolute, Jessie Templeton, by surviving her mother, took that

estate since there is no other "condition or limitation" imposed by the deed, but that at her mother's death she be "then living."

On this deed there is no need to invoke subordinate rules of construction to reach the grantor's intention, since we think his intention is clearly expressed by the actual words that he used. The case most nearly in point that we have found in our reports may be thus summarized: "where a testator devised lands to A for life with remainder to R, with *proviso* that if R should die without children living at his death, then to certain nephews and nieces, the title of R became absolute upon his living longer than the life tenant." *Carr* v. *Carr*, 8 Tenn. Civ. App. 406 (*certiorari* denied), later approved in *Eckhardt* v. *Phillips*, 176 Tenn. 34, 44, 137 S. W. (2d) 301. When the grantor used the words, "and in the event of the death of Jessie Templeton," grantor meant death of his daughter during his wife's life tenancy under the following rule:

"That where an absolute estate is followed by the words, 'In case he should die without issue,' or words of similar import, it is a settled principle of interpretation that they will be understood as referring to death without issue in the lifetime of the testator, if the gift is immediate, or *during the continuance of the life estate if it is not*; and if the devisee survives the testator or the continuance of the intervening estate, his interest becomes absolute and indefeasible." *Carr* v. *Carr*, 8 Tenn. Civ. App. 410. (Italics ours.)

The fatal objection to appellant's theory that the deed conveyed to Jessie Templeton a base or conditional fee is that such an estate is not favored by the law and will in no particular be implied. Unless such an estate is created by the express language of the deed

or will, the grantor or testator will be conclusively presumed to have intended a fee simple absolute. There is certainly no language in any part of the deed under review where the grantor expressly created a base or conditional fee in Jessie Templeton.

■ "It is a well-settled rule that conditions tending to destroy estates, such as conditions subsequent, are not favored in law. They are strictly construed. Accordingly, no provision will be interpreted to create such a condition if the language will bear any other reasonable interpretation, or unless the language, used unequivocally, indicates an intention upon the part of the grantor or devisor to that effect . . ." 19 Am. Jur., 527, sec. 64.

■ Cases cited by appellant afford little help for the solution of the question here before us, since in all those cases, without exception, express words were used to create the estate. The qualification or condition upon which the estate is to determine must be found in the instrument creating the estate. *Slegel* v. *Lauer*, 148 Pa. 236, 23 A. 996, 15 L. R. A. 547.; *Hanks* v. *Magnolia Petroleum Co.* (Tex. Civ. App.), 14 S. W. (2d) 348; Id., Tex. Com. App., 24 S. W. (2d) 5. And these express words must be such as are clearly of limitation, as distinguished from mere words of condition. *Yarbrough* v. *Yarbrough*, 151 Tenn. 221, 269 S. W. 36. Appellant places special reliance on the opinion in *Hoggatt* v. *Clopton*, 142 Tenn. 184, 217 S. W. 657, and insists that it rules the controversy here before us. We find the facts and language of the will there construed essentially different from the language of the deed before us here. There at his death, testator, Dr. Hoggatt, left one-half of his real estate in Rutherford County to his widow for her life, and one-half to his niece. The will then expressly provided that at the death of his widow, her half-interest in the Ruther-

ford County land should pass to the niece, who should take to her sole and separate use. Then the testator provided expressly with regard to the niece's estate:

*"But in the event of her (the niece) dying without children or grandchildren, then the land and slaves in Rutherford should go to the children of John H. Clopton,"* etc. *Hoggatt* v. *Clopton, supra,* 142 Tenn. at page 187, 217 S. W. at page 657.

It is clear that the will of Dr. Hoggatt undertook to provide for the change in the ownership of his estate on the happening of two successive future events; first, on the death of his widow, and second, on the death of his niece. In the deed before us there is one future event upon which the entire remainder interest in the land vests in absolute ownership, and that single future event is the death of the widow. By the language of the will quoted above, the testator expressly created a fee determinable on the death of his niece without children or grandchildren. In the deed before us, all of the grantor's property in remainder passed at the moment of his wife's death, and there was no second limitation to take effect on the death of the daughter.

In the many reported cases which involve executory grants or devises in wills or deeds, the principal difficulty is usually to determine with certainty the future event or events upon the happening of which the future estate is to vest in possession. In the deed before us there is no such difficulty as the express language of the deed makes it clear beyond controversy that the grantor expressly fixed three remainders to take effect in the alternative upon the happening of a single event—the death of his wife. Upon the occurrence of this single event there were three possible conditions which the uncertainty of human life might have brought about be-

tween 1915, the date of the deed, and an uncertain future time, the wife's death.

These were: First, that the daughter should survive; second, or that she should be dead, but have left children or their representatives surviving; third, or that neither the daughter nor her children or representatives should survive his widow. His love for his daughter led the grantor to make the gift as he expressly states in the consideration. He naturally, therefore, provided that in the event of her survival, the daughter should take the property or failing that, that her descendants should take it, and to meet the only other possible alternative that if at the time of the death of his wife, neither daughter nor her descendants were alive, that the property should revert to grantor's legal heirs.

The decree of the chancellor is affirmed at appellant's cost.