NICHOLS *v.* MASTERSON *et al.*

(*Knoxville,* September Term, 1947.)

Opinion filed January 16, 1948.

Rehearing denied February 28, 1948.

Clyde W. Key, of Knoxville, for appellant.

Johnson & Johnson, of Knoxville, for appellees.

Mr. Justice Prewitt delivered the opinion of the Court.

The bill filed herein sought a construction of the will of Richard Masterson, who died in Knox County in 1893. His will is as follows:

"Will of Richard Masterson

"I, Richard Masterson of Knox County and State of Tennessee being sound in mind and memory and desirous to dispose of all the worldly possessions which God in His providence has favored me with, I have determined to dispose of in the following manner to-wit:

"1st. I allow all my just debts and funeral expenses to be paid.

"2nd. To my beloved wife Ann Elizabeth Masterson I bequeath the whole of my property both real and personal during her lifetime or Widowhood for her use and benefit. At her death or re-marriage I allow the whole of said property both real and personal to my two sons Richard Edgar Masterson and William Horace Masterson they being required to stay on the farm and provide for and support their Father and Mother during their lifetime provided further that if one of said boys marries and dies without any children his property except personal shall go to the other brother immediately. To my daughter Mary Neoma Ford I bequeath three hundred

$300.00 Dollars to be paid to her for the benefit of her and her children to be paid as below in six years and to my two daughters Lucy Lenoir Masterson and Sarah Wenonah Masterson I bequeath five hundred dollars each to be paid within six years after my death provided I should live longer than my wife and if she should live longer than me said payments to be six years after her death provided further that if either one of them should die before the date of payments their part is not to be paid but to remain in the estate.

"I allow the two single Girls Lucy Lenoir and Sarah Wenonah to remain as they have in the family and be provided for as long as they remain single.

"I appoint my two Sons Richard Edgar and William Horace Masterson as my Executors. Witness my hand and seal this the 14 day of August 1893.

                              "Richard Masterson

"Attest.

   "W. R. Brakebill

   "S. N. Kidd"

When Richard Masterson died in 1893, he was survived by his widow and his two sons, Richard Edgar Masterson and William Horace Masterson. His widow died in 1907, survived by her said two sons, who, in the meantime, had complied with the terms of their father's will by remaining on the farm and providing for their father and mother. Both sons were married and lived to be old men, but both died without issue. William Horace Masterson died in 1940, survived by his widow, the defendant, Clemmie Masterson, and Richard Edgar Masterson died in 1947, survived by his widow, the defendant, Emma C. Masterson.

Upon the death of Richard Edgar Masterson in 1947, he left substantially his entire estate by will to his widow, the defendant, Emma C. Masterson.

The original bill set out that from and after the date of the death of the said Richard Masterson in 1893, and until the death of William Horace Masterson in October, 1940, the said Richard Edgar Masterson and William Horace Masterson were in possession of the tract of land in question, claiming ownership thereof under the provisions of the will of their said father.

The complainant, Jack Nichols, contends that he is the owner in fee simple of an undivided one-half interest in the farm of his grandfather, subject to the life estate of his aunt, Clemmie Masterson, upon the theory that the word "death" of one of the sons referred to in section 2 of the will of Richard Masterson contemplated a death during the lifetime of the testator. That since both sons survived the testator and became vested with an undivided one-half interest in fee simple in said farm, the will of William Horace Masterson had the effect of vesting his undivided one-half interest in complainant, subject to the life estate of William Horace Masterson's widow.

The Special Chancellor ruled adversely to complainant's contention.

The complainant relies on *Meacham* v. *Graham*, 98 Tenn. 190, 39 S. W. 12, and our cases following this holding up to and including *Templeton* v. *Stong*, 182 Tenn. 591, 188 S. W. (2d) 560.

The defendants insist that the instant cause does not come under the rule of construction recognized in *Meacham* v. *Graham, supra,* and *Templeton* v. *Stong, supra,* but rather under the rule as laid down in *Eckhardt* v. *Phillips*, 176 Tenn. 34, 137 S. W. (2d) 301.

■ The *Eckhardt case* recognized the rule as laid down in the *Meacham case* that if there is an immediate gift to A and if he dies leaving issue, or without issue, over, the gift over will take effect only in the event of A's death before the testator, but the Court made this further observation at page 43 of 176 Tenn., at page 304 of 137 S. W. (2d):

"It must be remembered, however, that this is merely a rule of construction which will yield to the intention of the testator, if the context of the will so requires, and that it is not a rule of property, as is the rule against perpetuities, which operates unflinchingly and independently of the intention of the testator.

"This is made clear from *Hoggatt v. Clopton*, 142 Tenn. 184, 185, 193, 217 S. W. 657, 659, where it is stated:

"'From these authorities, and from many others that might be cited it is apparent that the construction placed upon the expressions used in *Vaughn* v. *Cator* [85 Tenn. 302, 2 S. W. 262], *Meacham* v. *Graham* [98 Tenn. 190, 39 S. W. 12], *Katzenberger* v. *Weaver* [110 Tenn. 620, 75 S. W. 937], *Frank* v. *Frank* [120 Tenn. 569, 111 S. W. 1119], and *Scruggs* v. *Mayberry* [135 Tenn. 586, 188 S. W. 207], would in each case have yielded to any clear expression of the testator indicative of his purpose to make the death of the first taker mean a death at any time, and it was because no such clear intention was to be found in any of those wills that the rule in question was applied.'"

■ In the present cause it appears that the testator's intention, gathered from the entire will, was that the executory devise over to the one son who outlived the other should take effect on the first son's death without any children, whenever such event should occur. The testator's will provided for a series of acts to be performed by his two sons which could not be done until after

the testator's lifetime and until after the expiration of the widow's life estate, namely:

(1) Said two sons were to act as executors and also as trustees.

(2) They were "to stay on the farm and provide for and support their . . . Mother."

(3) To pay daughter, Mary Neoma Ford, $300 "for the benefit of her and her children . . . in six years."

(4) To pay daughters, Lucy Lenoir Masterson and Sarah Wenonah Masterson, $500 each "within six years after my death provided I should live longer than my wife and if she should live longer than me said payments to be six years after her death."

(5) To share possession of the farm with testator's single daughters and provide for them "as long as they remain single."

As said in the *Eckhardt case* at page 45 of 176 Tenn., at page 305 of 137 S. W. (2d):

"These facts, collectively considered, unmistakably indicate events which necessarily had to happen after the death of the testator, and render inescapable the conclusion that it was his clear intention that the limitation over should take effect on the death of his son, . . . without leaving a child or children surviving, whenever it might occur."

After careful consideration of the record before us, we are of opinion that this cause is controlled by the *Eckhardt case* rather than by the *Meacham* and *Templeton cases*.

Complainant insists that the limitation over is void as in restraint of marriage. From a reading of the will it will be observed that it was not the absence of marriage which the testator had in mind but rather the absence

of children. His devise constitutes no restraint of marriage.

It results that the assignments of error are overruled and the decree of the Special Chancellor is affirmed.

All concur.