JOHNSON *v.* PAINTER *et al.*

(*Knoxville,* September Term, 1949.)

Opinion filed December 17, 1949.

CREEKMORE & BUHL, of Knoxville, for appellant.

S. E. HODGES, of Knoxville, for appellees.

MR. JUSTICE GAILOR delivered the opinion for the Court.

The bill in this cause was filed in the Chancery Court of Knox County, to secure a construction of the will of Joe M. Johnson, deceased. The will was written in April 1917, and Johnson died in April 1918, a little more than a year later, but for some unexplained reason the will was not probated until 1928. The widow, Elizabeth Johnson, survived the testator, and died on November 11, 1943. The testator left two sons, the complainant, Allen P. Johnson, and the defendant, D. Harold Johnson. The defendants John Wesley Painter and Margaret Painter Giffin, are children of Elizabeth Johnson by a former marriage, and not the children of Joe M. Johnson. Both Allen P. Johnson and D. Harold Johnson were adults at the time of their father's death, and were soldiers in the first World War.

With this statement of the family and its relationships, we may consider the will which is made an exhibit to the original bill. By the first clause of the will, the testator provided for the payment of his debts and funeral expenses. By the second clause, he gave a life estate in his realty to his widow, Elizabeth Johnson. The third clause, which presents the matter for construction, is as follows: "Thirdly: After the death of my wife, Elizabeth Johnson, I will and bequeath and direct that my said real estate be divided equally between my sons, Allen P. Johnson and Harold Johnson, but I will and direct that *if either one of my sons, or both of them should die without having had children born to them,* that my said land is willed and bequested to Margaret Giffin and Wesley Painter (who are the daughter and son of my wife, Elizabeth Johnson by a former marriage); or the portion of the one or the other of my said sons who may die without heirs, or both of them in said event." (Emphasis supplied.)

Since D. Harold Johnson has been married and has had a son, it is admitted that he takes an undivided half interest in the realty in fee simple, and the only question to be determined on the appeal is the present estate of Allen P. Johnson (who is unmarried and without children) in the other half of the realty.

Holding that Code, Section 7601 was controlling, the Chancellor found that the complainant Allen P. Johnson took a life estate presently; that if he married and had children, that life estate should open and be enlarged to a fee simple; and that if he died without issue, at his death John Wesley Painter and Margaret Giffin would take the remainder.

Cutting down Code, Section 7601 to those provisions which are applicable here, it reads: "Every contingent

limitation in any will, made to depend upon the dying of any person without issue shall be a limitation to take effect when such person dies without issue living at the time of his death, or born to him within ten months thereafter; unless the intention of such limitation be otherwise expressly and plainly declared in the face of the will creating it."

This is the Tennessee statute against perpetuities and was passed as part of Chapter 91 of the Public Acts of 1851-1852. It has never been amended since its enactment.

In the present case, we think the learned Chancellor overlooked the cases of this Court where, for the construction of language essentially identical with that to be construed in clause 3 of the will before us, it was insisted that the Act of 1851-52 (Code, Section 7601) controlled, and the insistence was rejected. In *Frank* v. *Frank,* 120 Tenn. 569, at page 574, 111 S. W. 1119, this Court said:

"Upon a reconsideration of this question, we have reached the conclusion that a death without issue, here contemplated, under a settled rule of construction, must be held to mean such an event occurring in the life of the testator. This question underwent a careful examination in the case of *Katzenberger* v. *Weaver,* 110 Tenn. [620], 621, 75 S. W. 937. In that opinion the English authorities were collated, and it was found that they established the rule as announced in Theobald on Wills, p. 336, and in 3 Jarman on Wills, 605." 120 Tenn. at page 575, 111 S. W. at page 1120.

"It is insisted, however, that this rule was abrogated by Section 3, c. 91. p. 113, of the Acts of 1851-52, carried into Shannon's Code, Section 3675 (now Williams' Ann. Code, Section 7601), and that this provision was over-

looked in deciding the three several cases of *Vaughn* v. *Cator*, [85 Tenn. 302, 2 S. W. 262]; *Meacham* v. *Graham*, [98 Tenn. 190, 39 S. W. 12], and *Katzenberger* v. *Weaver.*" 120 Tenn. at page 576, 111 S. W. at page 1120.

And after quoting what is now Section 7601, the Court in *Frank* v. *Frank*, 120 Tenn. at page 577, 111 S. W. at page 1121 holds: *"It will be found, upon comparison, that the section of the Code quoted above in spirit largely, and in text substantially, conforms to the English act, and, as has been held by this court, was passed, as that was, to change this old common-law rule. This is its only effect. It does not in any sense trench upon, or come in conflict with, that other rule announced in Katzenberger v. Weaver, supra, and the earlier cases upon which that was based."* (Emphasis supplied.)

In the later case of *Scruggs* v. *Mayberry*, 135 Tenn. 586, 188 S. W. 207, the same insistence was unsuccessfully made again, when this Court said: "It is next insisted that the rule laid down by Shan. Code, Section 3675 (now Williams' Code, Section 7601), controls instead of the decisions cited, but the same point was made in *Frank* v. *Frank*, and disallowed." 135 Tenn. at page 597, 188 S. W. at page 210.

■ Returning to a consideration of the disputed third clause of the will before us, if the Testator had stopped the third clause with the following language: "After the death of my wife, Elizabeth Johnson, I will and bequeath and direct my said real estate to be divided equally between my sons, Allen P. Johnson and Harold Johnson," it cannot be doubted that under Code, Section 7597, *Scruggs* v. *Mayberry*, *supra*, 135 Tenn. at page 595, 188 S. W. at page 595, the two sons would have taken undivided half interests in the realty in fee simple. There-

fore, bearing in mind that it is our duty to favor a construction that will effect a quick vestiture of the absolute estate, so far as that construction is possible in the light of the testator's declared intent, it is our duty to determine what effect the succeeding language of the third clause has upon the fee simple already devised to the sons. The pertinent language is, "If either one of my sons, or both of them, should die without having had children born to them. . ."

In a long and uninterrupted line of Tennessee cases, it has been held that this language means death of one or both of the sons in the lifetime of the testator. The rule was applied in the following cases, where the quoted language was to be construed:

"Should any of my sons die without issue . . ." *Frank* v. *Frank,* 120 Tenn. 596, 111 S. W. 1119, 1120.

"In case any of my children herein named, shall die leaving a child or children at the time of his or her death, . . ." *Katzenberger* v. *Weaver,* 110 Tenn. 620, 75 S. W. 937, 938.

"In the. event of her death without living children, . . ." *Meacham* v. *Graham,* 98 Tenn. 190, 196, 39 S. W. 12, 13.

"In the event Bazil Smith dies without lawful issue, . . ." *Vaughn* v. *Cator,* Executor, 85 Tenn. 302, 303, 2 S. W. 262.

■ The two pertinent rules of construction· are, (1) "If there is an immediate gift to A, and a gift over in case of his death, or any similar expression implying the death to be a contingent event, the gift over will take effect only in the event of A's death before the testator." Theobald on Wills, (8th Ed.) 742, 2 Jarman on Wills, 1893 Ed., Chapters 48, 690, et seq., 2 Page on Wills, 1926 Ed., Sec-

tion 1139. (2) "If there is an immediate gift to A and if he dies leaving issue, or without issue, over, the gift over will take effect only in the event of A's death before the testator." 2 Page on Wills, 2 Ed., 1926, Section 1140; Theobald on Wills, 8th Ed., 1927, 745; 2 Jarman on Wills, Bigelow's Ed., 1893, Chapters 49, 699, et seq. This is the settled rule of construction in Tennessee. *Eckhardt* v. *Phillips* 176 Tenn. 34, 42, 137 S. W. 2d 301.

By the fourth clause of his will, the testator made a bequest of certain personal property to a named legatee, and provided expressly, that if the legatee had died at the time of the testator's death, that the legacy should lapse. It is argued for the defendants Painter, that because the testator provided for the lapse of the legacy of personal property and because "he did not by express words, nor by implication according to the construction of the Defendants, cut off the second takers, Mrs. Giffin and Mr. Painter, that it was the testator's intent that the Defendants Painter should take the remainder if the sons died at any time without issue." As we think the case is controlled by the many Tennessee cases cited above, we cannot approve this argument. There is absolutely no showing that the legacy of personal property had any relation to the testator's intent with regard to the disposition of the real estate in clause three of the will. The natural objects of the testator's bounty were his sons. The defendants Painter were not heirs nor blood kin of the testator. It would be natural that the testator should provide for stepchildren only in the event that his own children could not take. Happily in this case, the rule of reason and common sense *Bramlet* v. *Bates,* 33 Tenn. 554 runs with and not against the technical rule of law.

Under authority of *Frank* v. *Frank, supra,* and *Scruggs* v. *Mayberry, supra,* the decree of the Chancellor is reversed and the case remanded for entry of a decree in conformity with this opinion.

The defendants, John Wesley Painter and Margaret Giffin, will pay the costs.

All concur.