HOYT M. VICKERS, Administrator, etc., Appellees,

*v.*

MRS. VERA VICKERS, et al., Appellants.

(*Nashville,* December Term, 1958.)

Opinion filed May 1, 1959.

JAMES H. CUMMINGS, J. BARRETT MELTON, Woodbury, for appellants.

McALLEN FOUTCH, Smithville, HOYT BRYSON, Woodbury, for appellees.

Mr. Justice Tomlinson delivered the opinion of the Court.

■ This is a will construction case. Item IV of the will of Andy Vickers is:

"Fourth: I will and devise to by beloved wife, Vera Vickers, for life, or so long as she remains my widow, the farm in DeKalb County, known as the H. A. Overall farm, and at her death or marriage the same is to go to three sons, Tom C. Vickers, Andy O. Vickers and Hoyt Vickers, they having worked and helped my (sic) pay for this farm, and should either die without issue his share is to go to the survivors, but should either die leaving a child or children then his share is to go to his child or children. All farming equipment to go with this farm."

Tom C. Vickers, one of the three devisees in this item, died without issue a few months after the death of the testator.

The question for decision is whether the expression "should either die without issue" means, as used in this will, death of the devisee during the life of the testator or his death at any time. Decision of that question is determinative as to whether the realty involved passes as a part of the intestate estate of Tom Vickers, or, on the other hand, under the will of the testator.

The statute which should be noticed in connection with reaching a decision is the Act of 1851 carried in the Code as Title 64, Section 104. As it appears this statute reads viz.:

"Every contingent limitation in any deed or will, made to depend upon the dying of any person without heir, or heirs of the body, or without issue of the body, or without children, or offspring, or descendants, or other relative, shall be a limitation to take effect when such person dies without heir, issue, child, offspring, or descendants, or other relative, as the case may be, living at the time of his death, or born to him within ten (10) months thereafter; unless the intention of such limitation be otherwise expressly and plainly declared in the face of the deed or will creating it."

When it was contended that under the language of this code section the expression "dying without issue", and the like, "must be construed to mean the death of such a devisee, occurring at any time," this Court in *Frank v. Frank,* 120 Tenn. 569, 577, 111 S.W. 1119, 1120, replied as follows:

"It will be found, upon comparison, that the section of the Code quoted above, in spirit largely, and in text substantially, conforms to the English act, and, as has been held by this court, was passed, as that was, to change this old common-law rule. This is its only effect. It does not in any sense trench upon, or come in conflict with, that other rule announced in *Katzenberger v. Weaver,* supra (110 Tenn. 620, 75 S.W. 937), and the earlier cases upon which that was based."

Stare decisis requires this Court to adhere to that ruling, in so far as it applies here.

It, therefore, follows that reference must next be made to *Katzenberger v. Weaver,* which is reported in 110 Tenn. 620, 75 S.W. 937, to ascertain what is "that other rule announced" therein and in "the earlier cases upon which that was based".

The Katzenberger case, citing *Vaughn v. Cator,* 85 Tenn. 302, 2 S.W. 262, and *Meacham v. Graham,* 98 Tenn. 190, 39 S.W. 12, stated "that other rule" as follows, 110 Tenn. at page 628, 75 S.W. at page 939:

"It is observed that in both of these cases the event provided against was the dying without child or children; and in these cases, and the numerous authorities cited in the latter opinion, it is indicated as a general rule that, where there is a limitation over upon the dying of one without children or issue, *without more,* and an estate is given such one, the words shall be held to import a death in the lifetime of the testator." (Emphasis supplied.)

The expression "without more" in the above quotation is emphasized because of its significance in later decisions where there is adjudicated an exception to the aforestated rule enunciated in *Vaughn v. Cator, Meacham v. Graham,* and that line of cases.

That exception is stated in *Hoggatt v. Clopton,* 142 Tenn. 184, 193, 217 S.W. 657. The Court there first invoked the cardinal rule in the construction of wills that the intention of the testator, as reflected by the contents of the will in connection with attendant circumstances, must prevail except where that intention violates some rule of public policy or statutory mandate.

*Hoggatt v. Clopton* then mentions the following cases to which the exception there declared or reiterated and hereinafter stated was not applied. Those cases so mentioned, to which the exception was not applied, and the respective expressions under consideration in these cases are *Vaughn v. Cator,*—''in the event Bazil Smith dies without lawful issue * * *'', 85 Tenn. 302, 303, 2 S.W. 262; *Meacham v. Graham,*—''in the event of her death without living children * * *'', 98 Tenn. 190, 195, 39 S.W. 12, 13; *Katzenberger v. Weaver,*—''in case any of my children herein named, shall die leaving a child or children at the time of his or her death'', 110 Tenn. 620, 624, 75 S.W. 937, 938; *Frank v. Frank,*—''and if any one of my sons die without issue * * *'', 120 Tenn. 569, 574, 111 S.W. 1119, 1120, and *Scruggs v. Mayberry,*—and if he should die without heirs * * *'', 135 Tenn. 586, 591, 188 S.W. 207, 211. In each of those cases the will was construed to mean death of the first taker during the life of the testator.

Then *Hoggatt v. Clopton,* following its review of certain authorities, continued as follows:

''From these authorities, and from many others that might be cited, it is apparent that the construction placed upon the expressions used in *Vaughn v. Cator, Meacham v. Graham, Katzenberger v. Weaver, Frank v. Frank,* and *Scruggs v. Mayberry,* would in each case have yielded to any clear expression of the testator indicative of his purpose to make the death of the first taker mean a death at any time, and it was because no such clear intention was to be found in any of those wills that the rule in question was applied.'' [142 Tenn. 184, 217 S.W. 659.]

This exception stated in *Hoggatt v. Clopton,* supra, to the rule enunciated in the Kazenberger case, supra, and that line of cases is likewise an exception which is reiterated and reaffirmed in *Eckhardt v. Phillips,* 176 Tenn. 34, 137 S.W.2d 301, and *Nichols v. Masterson,* 186 Tenn. 38, 208 S.W.2d 332.

As a matter of fact, strictly speaking, it is not an exception to the rule stated in the Katzenberger case because, as hereinbefore noticed, the Katzenberger case declared that where the will uses such expressions *"without more"* the expression must be construed to mean death of the first taker during the life of the testator.

■ So, the ultimate situation is that in determining whether the testator here, Vickers, meant death at any time or, on the other hand, death during his own lifetime, the Court must consider the entire will of Mr. Vickers and thereby ascertain whether there is therein, to use the language of *Hoggatt v. Clopton,* "any clear expression of the testator indicative of his purpose to make the death of the first taker mean a death at any time." [142 Tenn. 184, 217 S.W. 659.]

The first item of Mr. Vickers' will directs his executor "hereinafter named" to pay his debts "and funeral expenses". The executor "hereinafter named" was his son, Tom, one of the three first takers in Item IV of the will. This fact was regarded in *Nichols v. Masterson,* 186 Tenn. 38, 42-43, 208 S.W.2d 332, as a fact indicating a meaning upon the part of the testator of death occurring at any time rather than during the testator's life when he used the expression similar to that involved in Item IV of Vickers' will.

It might be added that Mr. Vickers' will excused his son, Tom, from making an executor's bond in directing him "to carry out the terms of this will" because he had the "utmost confidence in him". It is not unreasonable to regard this as a circumstance tending to confirm the thought that Mr. Vickers had death at any time in mind rather than death during his own lifetime in the use in Item IV of the expression in question here.

Mr. Vickers had eight children. He owned another farm called his Cannon County farm. He devised that farm equally to his eight children, and followed the devise in the same sentence with the expression "and should any of my children *die before I do* then their children are to take the share of the one dying in said farm and equipment, but should any die without issue then the farm is to go to the ones living without children or issue". (Emphasis supplied.)

In making practically the same kind of a devise of his DeKalb County farm to the three sons mentioned in Item IV he left out the expression used in the third item, to-wit, "die before I do". Why? That question is answered very logically, we think, by this Court in *Simpson v. Smith,* 33 Tenn. 394, 396. In the construction of the will there involved the Court was faced with the situation we have here, to-wit, the testator used an expression in one item of the will devising property, but did not use that expression with reference to a similar devise in the same item. It was insisted that the words previously used should be supplied. The Court, in reply, after noting that "words cannot be supplied upon mere conjecture", said this: "In such case, in the language of Lord Ellenborough, the more natural conclusion is that

as his expressions are varied, they were altered because his intention in both cases was not the same''.

The omission in Item IV as to death of the expression ''die before I do'' in making the same kind of a devise as that made in the immediately preceding section where he did use the expression ''die before I do'' is, in this Court's opinion, a clear indication of Mr. Vickers' purpose in the 4th item of his will to make the death of the first taker mean death at any time, rather than limited to a death occurring ''before I (testator) do''. The Chancellor so held.

The appellants think that the case is controlled by *Johnson v. Painter,* 189 Tenn. 307, 225 S.W.2d 72. The expression in controversy in that case was the equivalent in meaning of the expression in controversy in the 4th item of the Vickers will. The Court there held that such language must be construed to mean a death during the life of the testator. In that case, however, there was nothing in the will to indicate a purpose upon the part of the testator to make the death of the first taker mean death at any time. In that controlling respect it differs from the present case.

The decree of the Chancellor will be affirmed, and costs accordingly adjudged.