Walter **LONES** et al.

v.

Eva Lones **WINZER.**

Court of Appeals of Tennessee, Eastern Section.

Nov. 30, 1971.

Certiorari Denied by Supreme Court Aug. 21, 1972.

Wayne Parkey, Wheeler A. Rosenbalm, Knoxville, for appellant, Eva Lones Winzer.

Ted H. Lowe, J. Earl Rainwater, Knoxville, for appellees, Walter Lones, and others.

## OPINION

COOPER, Presiding Judge (E. S.).

Eva Lones Winzer, a defendant below, has appealed from the decree of the Chancery Court of Knox County that Alvin Lones acquired a fee simple estate in the farm described in Article II of the Will of Kate Baker Lones, and that each of the parties to the suit, being heirs at law of Alvin Lones, owns an undivided interest in fee simple in the farm. Mrs. Winzer insists the Chancellor should have decreed that Alvin Lones acquired only a base fee (also referred to as a fee simple determinable) under the will, and that the fee terminated on his death "without having married or . . . without leaving children of his own."

Kate Baker Lones died testate on November 29, 1937. The pertinent provision of her will, which was executed on September 30, 1932, and admitted to probate on December 9, 1937, provides as follows:

"II

"I give and devise to my son, Alvin Lones, my farm situated in the Fifth Civil District of Knox County, Tennessee, and on the Tazewell Pike, and containing about ninety-four acres, more or less, the same being the place of my residence for a number of years, and being the same property inherited by me as the only heir of my mother, Lucinda Baker, and is fully described in Deed Book 108, page 191, in the Register's Office of Knox County, Tennessee.

"In the event that my son, Alvin Lones, should die without having married or should die without leaving children of his own, then I will and devise the said farm to my two daughters, Eva Lones and Lucy Lones, equally, share and share alike.

"I have given the farm above described to my son, Alvin Lones, on the condition that he allow my said daughters, Lucy Lones and Eva Lones, to make their home with him on said farm as long as they may so desire to live with him.

"I further give and bequeath to my said son, Alvin Lones, the stock and farming tools which I may own and leave on the farm at my decease."

Alvin Lones complied with the stated condition of the will and permitted Lucy Lones and Eva Lones to make their home with him as long as they desired to do so. Eva Lones married and moved from the farm in 1940 or 1941. Lucy Lones stayed on the farm until her death in 1965.

Alvin Lones died intestate on January 8, 1964, without having married and without leaving children of his own.

Lucy Lones died testate on September 3, 1965, leaving all her property to her sister, Eva Lones Winzer.

The question presented for decision to the Chancellor, and now to this court, was whether the expression "should die without having married or should die without leaving children of his own," as used in this will, means the death of Alvin Lones during the life of the testatrix or means his death at any time. If the former, the estate devised Alvin Lones was a fee simple absolute and the heirs at law of Alvin Lones inherit the estate. If the latter, the estate was a fee simple determinable which was terminated upon the death of Alvin Lones as he died "without having married or . . . without leaving children of his own," and the defendant, Eva Lones Winzer is the sole owner of the farm.

Counsel for the parties have cited us to numerous cases where our supreme court has been called upon to construe wills containing provisions similar to the one set

forth in the second paragraph of Article II of Kate Lones' will, each party relying on those cases where the construction was favorable to his contention. In view of factual differences, we see no need to discuss these decisions other than to point out the Supreme Court has consistently held that where the devise of property takes effect *immediately* on the death of the testatrix, "a devise over" on the contingency of the first taker's death refers to death in the testatrix's lifetime *unless* a contrary intention is evident from a consideration of the will in its entirety or from circumstances surrounding the execution of the will. See Katzenberger v. Weaver, 110 Tenn. 620, 75 S.W. 937; Eckhardt v. Phillips et al., 176 Tenn. 34, 137 S.W.2d 301; Johnson v. Painter et al., 189 Tenn. 307, 225 S.W.2d 72, and cases there cited; Vickers v. Vickers, 205 Tenn. 86, 325 S.W. 2d 544. These holdings are consistent with the legislative intent voiced in T.C.A. § 64–501, which provides that "[e]very grant or devise of real estate, or any interest therein, shall pass all the estate or interest of the grantor or devisor, *unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied* in the terms of the instrument." (emphasis supplied) They are also consistent with the rule of construction voiced in Meacham v. Graham, 98 Tenn. 190, 39 S.W. 12, and reiterated in the recent decision of Dickson v. Houston, 221 Tenn. 138, 425 S.W.2d 586, as follows:

"The rule is well settled that courts refuse to cut down an estate already granted in fee or absolutely, when the supposed terms of limitation are to be found in some subsequent portion of the will, and are not, *in themselves, clear, unmistakable, and certain, so there can be no doubt of the meaning and intention of the testator*." (emphasis supplied)

On considering the will in its entirety, we find ourselves in agreement with the Chancellor that there is no provision in the will showing an intent on the part of the testatrix to devise less than a fee simple absolute estate in the farm to Alvin Lones. Further, we find no circumstance attendant the execution of the will which clearly shows such an intent on the part of the testatrix. To the contrary, as pointed out by the Chancellor, the reiteration of the gift of the farm to Alvin in the third paragraph of Section II of the will, conditioned *only* on his permitting his sisters to live on the farm with him, is a strong indication the testatrix intended the "devise over" provided in the second paragraph to come into play on the death of Alvin Lones during the lifetime of the testatrix and was not intended to limit the estate devised to Alvin Lones. Consequently, we hold as did the Chancellor under the above authorities, that the expression "should die without having married or should die without leaving children of his own," as used in the will of Kate Baker Lones, means the death of Alvin Lones during the life of the testatrix.

The decree of the Chancellor is affirmed. Costs incident to the appeal are adjudged against Eva Lones Winzer and her surety. The cause is remanded for proceedings relative to the partition of the land and an accounting of rents and profits derived from the land, and its use since the death of Alvin Lones.

PARROTT and SANDERS, JJ., concur.