Milligan, J.,
delivered tbe opinion of the Co art.
This is trespass for the arrest and imprisonment of the defendant in error.
The declaration lays the damages at five thousand dollars, to which there is a plea of not guilty, with notice of the real defense. The defense relied on in the notice, is, “that the plaintiffs in error were in the military service of the Confederate States, and that the defendant was a soldier in the army of the United States; and that these powers were at war with each other; and are entitled to and exercised all the rights of belligerents engaged in public war; and that, whatever was done by plaintiffs in error, was done under orders; and that the capture and imprisonment was a lawful act of war, and that they are not personally and civilly liable for the same.
A motion was entered to strike out the notice of the real defense, as above set out, which was overruled by the Court.
The proof shows that the plaintiffs in error, on the 25th of June, 1863, with several others, came to the house of one William Dunlap, one of the witnesses, about midnight, and, “after knocking and yelling several times at the door,” were admitted, when they immediately presented their guns and pistols, took possession of the defendant in error, pulled him over the house by the hair of the head, threatened to shoot him, tied his arms, and put him on a horse, then tied his feet under the horse, and marched him off to a neighbor’s house, and locked him and others up in *188 a smoke Louse, with a guard of eight armed men around it.
The defendant in error had been a soldier in the service of the United States; was regularly, before his arrest, discharged on account of impaired health; and, for some time previous, been about home, but kept himself concealed from all but his friends.
At the time of the arrest, Tucker, the defendant in error, claimed that he was a Federal soldier, and sent for his uniform, blankets, etc., to establish the fact.
The proof further shows that some of the party who made the arrest were rebel soldiers; but that Cochran, one of the plaintiffs in error, who, as it appears in the evidence, “led the crowd,” was a private citizen. Thompson, the other plaintiff in error, was a rebel soldier, and claimed to act under one Taylor, who, it appears, was an enrolled officer in the rebel service.
It also appears, that Cochran sent word to Taylor for men to arrest Tucker, the defendant in error, and Taylor ordered the men to go. One of the witnesses, Russell Parsons, says he was a rebel soldier, and was with the party, and there was no officer in command that he knew of.
The Court, in substance, charged the jury: Thatj at the time of the alleged arrest, a great civil war was raging between the United States and the so-called Confederate States, and that the war had swelled into such gigantic proportions that the Confederate States, as a military power, were entitled to belligerent rights; but, the acquirement of belligerent rights would not be held to confer upon citizens, residing within the military *189 lines of tlie belligerent power, the right to assume the exercise of violence upon their fellow citizens; neither can it justify violence on the part of soldiers enlisted in the so-called Confederate army, against citizens of the Country not arrayed in hostility against their cause, especially when such soldiers were not acting, at the time, under the orders of some superior officer properly in command of them.
The jury found for the plaintiff helow, and assessed his damages at |5,000; to reverse -which a writ of error is prosecuted to this Court.
The grounds set up and relied on as a justification for the trespass complained of, in the notice of the real defense to this action, and insisted upon in argument here, are, that the plaintiff in error, and the defendant, belonged to the different parties engaged in open war with each other; and that the former, as belligerents, had the right to arrest and imprison the latter, as an act of war, without liability to the civil tribunals of the country.
Admitting the right of both parties, during the late civil war, to exercise, in the conduct of the war as against each other, the common rights of belligerents, it by no means follows, that the common soldiery, or citizens adhering to the insurrectionary power, are justified, without authority of law, or the order of the military commander of the public forces, to whom such soldiers may belong, to arrest and imprison persons residing within their military lines: Morrow vs. Blevens, 4 Hum., 223. “Soldiers,” says Vattel, sec. 230, “can undertake nothing, without the express or tacit com *190 mand of their officers. To obey and execute, is their province, not to act of their own discretion; they are only instruments in the hands of their commanders. Let it be remembered here, that, by a tacit order, I mean, one which is necessarily included in an express order, or in the functions with which a person is intrusted by his superior.”
In this case, the Circuit Judge, in his charge, not incorporated in this opinion, certainly gives the plaintiffs in error the full benefit of the law. They do not, nor can they, reasonably, complain of it. The portion of the charge set out, and excepted to, is equally free from objections. It is a clear, fair, and accurate statement of the law governing this case, and the jury were well warranted, under the proof, in finding as they did.
The notice of the real defense, is, certainly, very in-artificially drawn, and defective in several important particulars; and the _ Circuit Judge would have been, on motion, well warranted in striking it out. But that motion was refused, on application of defendant in error, and the plaintiff can take no advantage of it here.
It does not pretend to justify the arrest and imprisonment, under the orders of any specified military commander of the rebel forces; nor does it, in fact, state the act complained of, was done under the military authority. It simply alleges, that it was done “under orders, and the capture and imprisonment was a lawful act of war.” This is certainly not sufficient to give the defendant in error reasonable notice of the *191 real defense intended to be made, and might have been properly stricken out.
The effort in the proof seems to be, to justify, under the orders of Taylor, who, it seems, was an enrolling officer under the rebel authority; but the proof is clear, that the whole scheme of Tucker’s arrest, was set on foot at the instance of Cochran, who, it is shown, was a private citizen. He sent to Taylor for men to arrest the defendant in error, and, as one of the soldiers swears, “led the crowd.” The facts of the whole case leave no room to doubt that the party who made the arrest, were a lawless band of men, acting without any direct authority from the military officers of the rebel organization, with a malicious purpose to harrass and oppress those who differed with them in political opinion.
The damages, it is insisted, are excessive. We do not think so. The wanton and cruel circumstances attending upon the arrest, were such as to make this an exceedingly aggravated case; and we cannot sp.y, from the evidence in the whole cause, the jury were not fully warranted in finding the verdict which they delivered.
Affirm the judgment.