GRIFFIN *et al. v.* GRIFFIN *et al.*

(*Jackson,* April Term, 1946.)

Opinion filed June 1, 1946.

S. Homer Tatum, of Alamo, and Jack Manhein, of Jackson, Tenn., for complainants below.

J. B. Avery, Sr., of Alama, for intervening petitioner.

Mr. Justice Neil delivered the opinion of the Court.

This suit involves the title to sixty acres of land which passed under the will of Dr. J. A. Griffin to his son A. E.

Griffin, and is determined by the construction of the fourth item of said will, which is as follows:

"I give to my son A. E. Griffin 60 acres of land (describing it). This land is not to be subject to any debts that he has heretofore made or may hereafter make neither is he to sell or transfer the same by deed or otherwise and in case of his death said land is to be returned to my children and their heirs. But in the event he should have other children borned to him this land shall go to them at his death but the child he now has is excluded from the benefits of this will. This land is a gift."

Robert L. Griffin and others, sons of Dr. J. A. Griffin, filed their original bill in the chancery court seeking a sale of the land for partition, averring that A. E. Griffin, who died in St. Louis, Missouri, in 1942, took only a life estate therein, and that the fee was in them as remaindermen.

Mrs. Viola Rumbley, a resident of Texas and who is the child that is "excluded from the benefits of this will," filed an intervening petition in the cause in which she asked that she be made a party defendant. She alleged that her father A .E. Griffin took a fee simple title to the land and since he died intestate she became the owner thereof by inheritance.

There is a stipulation in the record that she was "a mere child" at the time of the testator's death. Her father A. E. Griffin never had any other children.

The chancellor was of opinion and held that under Item 4 of the will, above referred to, A. E. Griffin took only a life estate in said land, and that upon his death without children other than the daughter Mrs. Rumbley, the title became vested in the testator's "children and their heirs." The chancellor in his opinion says:

"The Court is of opinion that the testator intended to, and did in legal effect, say: 'I give to my son A. E. Griffin 60 acres of land (describing it) for and during the term of his natural life and at his death to any child or children hereafter born to him—the child he now have being expressly excluded from the benefits of the will. If, however, the said A. E. Griffin should die without issue other than the child now in existence, said land shall at his death go to my other children and their heirs.'"

From the decree of the chancellor Mrs. Rumbley appealed to the Court of Appeals. That court in a divided opinion reversed the chancellor. The majority took the following view:

"We are of opinion that the words 'I give to my son A. E. Griffin 60 acres of land', describing it, and the concluding words 'This land is a gift', in themselves were appropriate words to devise the fee, and the attempted exemption of the property from liability for his debts, and the attempted provision against alienation, were void; so the real question for determination is whether the words 'and in case of his death said land is to be returned to my children and their heirs' were effective to cut down the absolute estate previously given to A. E. Griffin to a life estate and vest the title in the children and grandchildren of the testator to the exclusion of the daughter of A. E. Griffin, Mrs. Viola Rumbley."

Entertaining the view that a fee having been devised to A. E. Griffin which is necessarily inconsistent with the restriction against alienation and void, it was held the fee could not be cut down to a lesser estate by later uncertain and ambiguous expressions. *Meacham* v. *Graham,* 98 Tenn. 190, 39 S. W. 12, and other authorities.

Mr. Justice ANDERSON dissented, holding that the conclusion reached by the majority was unsound and contrary to the intention plainly expressed by the testator.

We granted *certiorari* because of the diversity of the opinion and the importance of the question involved. The case has been ably argued at the bar of this Court by counsel for all interested parties.

We are here confronted with the question, and it is the only question on this appeal, whether the testator intended to devise the fee to the first taker A. E. Griffin, or the mere right to enjoyment for his life with the fee passing to his children, other than Mrs. Rumbley, and if no other children, then to the testator's "children and their heirs" in the alternative in the nature of an executory devise.

In determining what estate the testator devised, we are controlled entirely by his intention as ascertained from the whole will. Under no circumstances can we apply a rule of construction which would operate to defeat the clear intention of the testator. Before passing to the consideration of the question, it should be stated that the restrictive provisions in the will against alienation and exemption of liability for debts are void unless the will creates a spendthrift trust. It is a settled rule of construction of wills in this state, as appears in many of our cases (*Vaughn* v. *Cator*, 1886, 85 Tenn. 302, 2 S. W. 262; *Mecham* v. *Graham, supra; Katzenberger* v. *Weaver*, 1903, 110 Tenn. 620, 75 S. W. 937; *Frank* v. *Frank*, 120 Tenn. 569, 111 S. W. 1119), that "if there is an immediate gift to A. and if he dies leaving issue, or without issue, over, the gift over will take effect only in the event of A.'s death before the testator."

In *Meacham* v. *Graham, supra,* it is said (98 Tenn. at pages 205, 206, 39 S. W. at page 15):

"The rule is well settled that courts refuse to cut down an estate already granted in fee or absolutely, when the supposed terms of limitation are to be found in some subsequent portion of the will, and are not, in themselves, clear, unmistakable, and certain, so that there can be no doubt of the meaning and intention of the testator.

"If the expression in the will is doubtful, the doubt is resolved against the limitation and in favor of the absolute estate." Citing authorities.

It is further said (98 Tenn. at page 208, 39 S. W. at page 16) : "No slight circumstances or ambiguous words will prevent the application of the general rule, but the reason and terms must be plain, strong, and decisive in order that subsequent provisions may be held to cut down a fee already given into a lesser estate. *Benson* v. *Corbin,* 145 N. Y. 351, 40 N. E. 11. And the great weight of authority is in accord with this holding." Citing numerous authorities.

In *Cole* v. *Edwards* (Tenn. Chan App.), 62 S. W. 641, 67, the Court of Chancery Appeals had occasion to review all the authorities quoted with approval in *Meacham* v. *Graham, supra,* and said: "They support the rule that where a provision in a will is so worded that, standing alone, it would pass to a devisee an absolute estate, and it is followed by another provision directing that such estate shall pass to some other person upon the death of the first-named devisee without issue or children, then that such death must be held to mean a death of the first-named devisee in the lifetime of the testator, unless the contrary intention—death after the death of the testator—clearly and unmistakably appear from the will."

The foregoing is a restatement of the rule applied in *Meacham* v. *Graham* and consistently followed in all subsequent cases. There is no trouble about the

rule itself. The difficulty is in applying it to the context of the particular will under consideration. When the holding in all our cases is considered, the final conclusion reached is that, when the whole will, "standing alone," passes to a devisee an absolute estate, or where it is devised with an unlimited power of disposition, followed by a subsequent gift over upon the death of the first taker, such gift over will not be valid unless it unmistakably appears from the language of the will that the testator intended that it was to be effective in the event the first named devisee survived the testator.

Now if the will shows on its face that the first taker was given only a life estate, the rule would have no application (Cook v. Collier, [Tenn. Chan. App.] 62 S. W. 658); nor would it apply where the first taker is not given an unlimited power of disposition, this being essential to an absolute estate. In other words, the context of the will, when considered as a whole, must show that the testator's intention was to create in the devisee an absolue estate and it was also his intention that the gift over was to be given effect as a valid remainder interest only in the event the first named devisee survived the testator.

In our last case on this subject, *Eckhardt* v. *Phillips*, 176 Tenn. 34, 43, 137 S. W. (2d) 301, 304, all authorities were again considered, in which it was said:

"It must be remembered, however, that this is merely a rule of construction which will yield to the intention of the testator, if the context of the will so requires, and that it is not a rule of property, as is the rule against perpetuities, which operates unflinchingly and independently of the intention of the testator.

"This is made clear from *Hoggatt* v. *Clopton,* 142 Tenn. 184, 185, 193, 217 S. W. 657, 659, where it is stated: 'From

these authorities, and from many others that might be cited, it is apparent that the construction placed upon the expressions used in *Vaughn* v. *Cator Mecham* v. *Graham, Katzenberger* v. *Weaver, Frank* v. *Frank*, [*supra*], and *Scruggs* v. *Mayberry* [135 Tenn. 586, 188 S. W. 207], would in each case have yielded to any clear expression of the testator indicative of his purpose to make the death of the first taker mean a death at any time, and it was because no such clear intention was to be found in any of those wills that the rule in question was applied."

It is argued that the rule announced in *Meacham* v. *Graham* and other cases has become a rule of property in Tennessee and that it is clearly applicable to the case at bar. In *Eckhardt* v. *Phillips, supra,* it was expressly held that it is not a rule of property in the same sense as the rule against perpetuities and the reason is very obvious. In applying the rule against perpetuities, the intention of the testator is not controlling, for no matter how clearly and unmistakably he expresses his desire that the estate devised shall vest in a donee later than a life or lives in being and twenty-one and a fraction years thereafter, it is wholly ineffective. In applying the rule under consideration, the intention of the testator is always held to be determinative, that is, having devised the fee, has he shown his intention to cut it down to a lesser estate by using words that are "plain, strong, and decisive"? *Meacham* v. *Graham, supra.*

The Court of Appeals cites a number of cases where the language of the will then under consideration is very similar to Item 4 of Dr. J. A. Griffin's will, and, reasoning by way of analogy, holds that the rule announced in *Meacham* v. *Graham* is applicable, and that the will itself did not show an intention that the gift over was to take effect upon the death of the first taker

702

(A. E. Griffin) at any time. The opinion is based upon what is thought to be a conceded hypothesis (1) that A. E. Griffin was given a fee simple title, and (2) that other expressions in the will were wholly insufficient to show an intention to cut it down to a lesser estate. We quote the following:

"We are of opinion that the words 'I give my son A. E. Griffin 60 acres of land,' describing it, and the concluding words 'This land is a gift' *in themselves* were appropriate words to devise the fee." (Italics ours.)

We think it was error to determine the intention of the testator by these words alone. While the court may have considered other words and clauses in the will, they are not pointed out and discussed in the opinion.

 In deciding the question of intention, it is proper to give consideration to words and phrases that may not dispose of anything and others that make a void devise or bequest of property It has been repeatedly held that intention must be found from the whole will, every part of which must be considered in relation to every other part. Thus in *McDonald* v. *Ledford*, 140 Tenn. 471, 475, 205 S. W. 312, 313, it was said, "The introductory clause of a will, though formal and nondispositive in character, is not for that reason to be disregarded in construing the will." See also *Hoggatt* v. *Clopton*, 142 Tenn. 184, 192, 217 S. W. 657.

In 28 R. C. L. 220, it is said: "For the purpose of ascertaining the testator's intent from an inspection of the will, the whole instrument should be read, *including those parts which are invalid*. The valid and invalid portions must be alike considered, *since it is presumed that in formulating his scheme the testator supposed all portions to be legal and valid*." (Italics ours.)

We think too great consideration was given to the expression "This land is a gift" as showing an intention to devise a fee. All dispositions of property by will are gifts regardless of the kind or *quantum* of estate that passes. When this clause is read in connection with other provisions, such as that the beneficiary is "not to sell or transfer the land by deed or otherwise," and that "the child he now has is excluded from the benefits of this will," etc., that the land is to be returned to testator's "children and heirs" if the beneficiary should have no other children, it loses its importance as showing an intention to give to the first taker an absolute estate.

Inasmuch as the testator disposed of all his property by will, it is most significant that he should state, "The child he now has (Mrs. Viola Rumbley) is excluded from the benefits of this will." This is unmistakable language and is glaringly inconsistent with an intention to devise a fee simple estate to her father. The testator must have known that if he devised A. E. Griffin the fee, this "excluded child" would share in his estate as an heir of her father, A. E. Griffin. Moreover, the following observation by Mr. Justice ANDERSON is most persuasive as clearly indicating an intention not to devise an estate in fee: "If the restraint on alienation had been valid, the disinherited grandchild would have been thereby assured of the fee by inheritance had she survived her father."

If there is anything about which we may be certain, it is that the testator intended to exclude Mrs. Rumbley from the benefits of his estate. Just why, we do not know. She was a mere child and the only child of A. E. Griffin at the time the will was executed. Another unmistakable fact is that it was testator's clearly expressed wish that, if A. E. Griffin should have other children, the property should go to them, and if no other children then "said

land is to be returned to my children and their heirs." He had no other children.

The conclusion seems to be inescapable that when Dr. Griffin said in his will, "But in the event he should have other children borned to him this land shall go to them at his death," he meant for them to take regardless of when A. E. Griffin died, whether before or after the testator, and the effect of this plain expression of intention was to restrict the said A. E. Griffin to a life estate.

Considering further the gift over to after-born children, it is difficult for us to conceive it to be other than a substantive, independent gift operating as a valid executory devise to after-born children, to take effect upon the death of the first taker at any time, and in the event there should be no after-born children, it should pass to the testator's "children and heirs," the latter being by the express terms of the will substituted for the former.

The decree of the Court of Appeals is reversed and the chancellor's decree is affirmed. The cause is remanded for a proper distribution of the fund arising from the sale of the property.

GREEN, C. J., not participating.