# CHARLES S. JOHNSON, Appellant, v. CHARLES E. SPEER, Appellee.—279 S. W. (2d) 711.

Western Section. January 29, 1954.

Petition for Certiorari denied by Supreme Court, July 9, 1954.

C. C. Gillespie and Henry M. Beaty, Jr., both of Memphis, for appellant.

H. D. Bird, of Memphis, for appellee.

CARNEY, J. The appellant, complainant below, Charles S. Johnson, brought suit in the Chancery Court of Shelby County, Tennessee, for construction of the will of his aunt, Mrs. Adda Lee Potter, who died in St. Louis, Mo., on August 12, 1944. The property involved in this

litigation is a house and lot in Memphis, Shelby County, Tennessee. The complainant is a son of Mrs. Lotta S. Johnson, sister of the testatrix, Mrs. Adda Lee Potter. Mrs. Lotta S. Johnson died on March 19, 1952, and prior to her death, on July 10, 1948, had conveyed said real estate to complainant, her son, by regular warranty deed.

The defendant, Charles E. Speer, was a brother of the testatrix, Mrs. Adda Lee Potter, and a brother of Mrs. Lotta S. Johnson and, therefore, uncle of complainant.

Both parties claim title to the house and lot in question under Item 4 of the will of Mrs. Adda Lee Potter, which is as follows:

"I give and devise unto my sister, Lotta S. Johnson, the real estate and improvements owned by me in Memphis, Tennessee, known as Eight Hundred Fourteen (814) Court Avenue; provided, however, that in the event my said sister should predecease my brother, Charles E. Speer, then the said property shall vest in and belong to him."

The complainant, Johnson, contends that under the rule announced in Alston v. Davis, 39 Tenn. 266; Katzenberger v. Weaver, 110 Tenn. 620, 75 S. W. 937, and Scruggs v. Mayberry, 135 Tenn. 586, 188 S. W. 207, his predecessor in title, Mrs. Lotta S. Johnson, was devised a fee simple title subject only to the condition that if she predeceased her brother, Charles E. Speer, during the lifetime of the testatrix, then in such event the said Charles E. Speer would be entitled to the property in fee simple; and that Mrs. Johnson, having survived the testatrix, her title became absolute.

The defendant, Speer, contends that Item 4 of the will devised to Mrs. Johnson only a base or determinable fee with an executory devise in his favor in the event Mrs.

Johnson died before her brother, Mr. Speer. The defendant relies upon the cases of Eckhardt v. Phillips, 176 Tenn. 34, 44, 137 S. W. (2d) 301, and Griffin v. Griffin, 183 Tenn. 693, 700, 195 S. W. (2d) 5, and others cited in his brief. The Chancellor held that upon the death of Mrs. Johnson on March 19, 1952, the defendant, Charles E. Speer, became vested with a fee simple title to the lot in question and adjudged the deed of complainant to said lot null and void as a cloud upon defendant's title.

Complainant has appealed and assigned errors.

The proof showed that in September 1943 when the will was executed, defendant, Speer, was approximately 68 years of age; his sister, Mrs. Johnson, was approximately 73 years of age; and his sister, the testatrix, Mrs. Potter, was approximately 70 years of age. The proof further showed that in March 1943 the testatrix had undergone surgery for abdominal cancer which was of a highly malignant type and which had already metastasized in one or more places about her abdomen; that she had undergone twenty-three treatments of supervoltage X ray and high voltage X ray between April and July 1943, and that from September 1943 to October 1943 she had six additional treatments of this cancerous condition and, hence, she knew that she was in a very serious physical condition at the time she made her will in September 1943. The will was prepared by an attorney in St. Louis, Missouri.

The proof further showed that the house and lot in question was formerly owned by George W. Speer, father of Mrs. Potter, Mrs. Johnson and Mr. Speer; that the house was built in 1902 by the elder Speer, and had been in the Speer family continuously to the time of the trial.

■■ We have reviewed the many cases cited in both

of the excellent briefs submitted in this cause and are of the opinion that the principle announced in Eckhardt v. Phillips, 176 Tenn. 34, 44, 137 S. W. (2d) 301 to the effect that the cardinal rule of interpretation is to ascertain the intention of the testatrix from a consideration of the entire will. From such consideration we agree with the decision of the Chancellor that the testatrix intended to and did by Item 4 of her will devise a base or determinable fee in her sister with a conditional limitation by way of an executory devise in fee in her brother, Mr. Speer, which executory devise was to take effect upon the happening of only one event: namely, the death of Mrs. Johnson before the death of her brother, Mr. Speer. This event did take place and the title of Mrs. Johnson to said property determined and shifted to Mr. Speer. We do observe that other provisions of the will of Mrs. Potter manifest a very meticulous distinction and difference in the various conditions which are attached to the several devises, to wit:

Item 3 of the will provides as follows:

"I give and bequeath unto my two grandchildren, Joseph Edward Trigg and Peggy Lou Trigg, share and share alike, and *if either predecease me* to the survivor of them, all the moneys I shall have (at the time of my death) deposited in savings accounts in the First National Bank in St. Louis, Missouri."

Item 5 is as follows:

"I give and devise the real estate and improvements owned by me at Germantown, in Shelby County, Tennessee, unto my said brother, Charles E. Speer, his heirs and assigns, *provided he survives me*."

Item 6 is as follows:

"I give and bequeath unto my said brother, Charles E. Speer, and my said sister, Lotta S. Johnson, share and share alike, or *if either predecease me* to the survivor of them, all moneys (less outstanding checks) I shall have (at my death) in any checking account or accounts in the First National Bank in St. Louis, Missouri."

In view of the very careful phraseology used by the testatrix in setting out the various conditions incident to her devises, it appears to us that if the testatrix had intended to limit the limitation over in favor of her brother, Charles E. Speer, to the event of the death of Mrs. Johnson during the lifetime of the testatrix, she would have spelled it out in so many words. Further, having failed so to do, the words of the condition contained in Item 4 should be given their regular and ordinary meaning; namely,"* * * in the event my said sister should predecease my brother, Charles E. Speer, then the said property shall vest in and belong to him."

Therefore, Assignments of Error #1, #2, and #3 are respectfully overruled.

 Assignment of Error #4 insists that the Chancellor was in error in holding that complainant's deed from his mother, Mrs. Johnson, to the lot in question was null and void as a cloud upon the title of defendant. Having held as we do that the Chancellor was correct in his decision that the defendant, Charles E. Speer, is now the owner in fee simple of the lot in question, we think it was proper for the Chancellor to hold that defendant's deed is null and void as a cloud upon defendant's title, even though none of the pleadings *eo nomine* mentioned that such a decision was sought as part of the decree. Such a holding is necessarily to be implied from a decision that

the complainant, Charles S. Johnson, is not now entitled to the land described in his deed and that the defendant, Speer, is now the owner in fee simple to the land described in complainant's deed. ''Equity delights to do complete justice and not by halves.'' We cannot see that the complainant is prejudiced in any manner by such a holding, and Assignment of Error #4 is overruled.

Assignment of Error #5 complains of the action of the Chancellor in admitting in evidence, over complainant's objection, the depositions of three doctors in St. Louis, Missouri. One was the surgeon who operated on the testatrix; another was the radiologist who administered the X-ray therapy; and the third was the regular physician of the testatrix who treated her generally. As far back as in Hottell v. Browder, 13 Lea 676, 677, our Supreme Court said:

"The controlling rule to which all other must bend in the construction of any will, is to ascertain the intention of the testator expressed in the paper * * *. This intention is to be gathered primarily, if not exclusively, from the language used by the testator, but in order to its proper understanding, we should put ourselves as near in his place as possible, and to do this may ascertain the circumstances surrounding him, the state and condition of his property, as well as his family and object of his bounty."

Likewise, in Greer v. Anderson, 36 Tenn. App. 507, 259 S. W. (2d) 550, 553, it was held as follows:

"(5) In the construction of wills, 'the intention of the testator is absolutely controlling so long as that intention is not in conflict with some positive rule of law.' Burton v. Kinney, 191 Tenn. 1, 231 S. W. (2d) 356, 357, 19 A. L. R. (2d) 366.

"(6) To ascertain that intention the Court must give effect to the language used in the will in the light of all the facts and circumstances surrounding the testator at the time of its execution. Davis v. Mitchell, 27 Tenn. App. 182, 178 S. W. (2d) 889; Sizer's Pritchard Law of Wills and Executors, Second Edition, § 401 (7).

"(7) All rules of construction are only aids or helps in ascertaining the intention of the testator. Nashville Trust Co. v. Johnson, 34 Tenn. App. 197, 236 S. W. (2d) 100."

See also Treanor v. Treanor, 25 Tenn. App. 133, 152 S. W. (2d) 1038. Upon the authority of these cases we think the Chancellor was well within his discretion in allowing the depositions of these three doctors to be admitted in evidence, and Assignment of Error #5 must be overruled.

Hence, the judgment of the Chancellor is affirmed, and the appellant, Charles S. Johnson, is taxed with the costs of this appeal. Decree will be entered in this Court accordingly.

Swepston, P. J., and Avery, J., concur.