MRS. MARY NEVILLE PARKER et al.

*v.*

W. A. McCUTCHEN et al.

(*Jackson,* April Term, 1959.)

Opinion filed October 2, 1959.

Rehearing denied December 11, 1959.

ASHLEY & ASHLEY, Dyersburg, for appellants.

JOHN M. DRANE, Newbern, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This suit was brought for a construction of the will of Henry R. Harris, which will be determinative of the ownership of about 4,000 acres of land situated in Lake County, having a value in excess of $1,000,000.

The cause is before this Court on demurrer which was sustained by the Chancellor and this appeal resulted.

Complainants filed their bill on November 12, 1958, seeking a construction of the last will and testament of Henry R. Harris, deceased, and the material parts of the will involved are as follows:

"I desire that the income from my interest in the Estate of my Father (James C. Harris) deceased, be divided as follows 2/3 to my wife, Mary I. Harris and 1/3 to my Daughter, Mary Linda Harris, the 1/3 of my Daughters to be invested by her Guardian (appointed by the Court) as he may deem best, until her 18th Year, when she shall have full control of same."

"I bequeath and devise unto my Daughter, Mary Linda Harris, the Title to All my Rights in the Estate of my Father (James C. Harris, dec'd) subject to the following terms, In the case of her death without issue, before the death of her Mother, then the said Rights in

the James C. Harris Estate to go to my wife, Mary I. Harris, provided she does not re-marry after my death. Should my Wife re-marry, she and her husband to have the benefit of the *Revenues* from said Right in said estate so long as she may live. After her death, the Right in the Estate in Lake County to Revert to the heirs of Judge Harris, Mary Pearl Hubbs (nee Harris) and Bessie N. Harris in equal portions.''

The complainants are the heirs of Judge Harris, Mary Pearl Hubbs and Bessie N. Harris, and are so designated as beneficiaries in the will, their relationship and interest being set out in particular there.

Lambuth College, Mrs. Linda Shumate and Viola Cox are devisees under the will of Linda Harris Morris, the same person as Mary Linda Harris, deceased, and W. A. McCutchen, is the executor of the will of Linda Morris.

The property sought to be decreed to the complainants as devisees under the Henry R. Harris will is referred to in said will as the ''Right in the estate in Lake County,'' and that this property consists of about 4,000 acres of land, which Linda Morris undertook by her will to devise to Lambuth College, Mrs. Linda Shumate, and Viola Cox.

The Chancellor sustained the demurrer of the executor W. A. McCutchen, and the other defendants, holding that Linda Harris Morris, the only daughter of Henry R. Harris, deceased, took a fee simple title, she having outlived her mother, Mary Linda Harris by some years.

We think that two definite things would have had to happen according to that part of the will above quoted under which appellants' claim, before it could be insisted that the applicants are entitled to the relief sought:

(a) Linda Harris Morris would have had to die without issue before the death of her mother, and (b) the mother would have had to remarry.

 Linda, the daughter, having survived her mother, any right, claim or title of anyone else to the property was extinguished.

If the daughter, Linda, had died b e f o r e her mother, wife of testator, without issue, the limitation over in favor of the mother would have taken effect. As the daughter did not die before the mother, wife of testator, the absolute gift to the daughter, Linda, remained undisturbed.

 In matters of construction of wills it is the goal of the Courts to ascertain the intention of the testator and there are numerous rules laid down to ascertain the correct interpretation of that which the testator has written.

In the construction of wills we look to the intention of the testator, whose intention was to take care of his widow as long as she lived and that the property would then go to his daughter and only heir and the natural object of his bounty, this being the natural construction of the will. There is no ambiguity in this paragraph of the will above quoted. See Pritchard on Wills, Section 384, page 352, Vol. 1, last Edition; *Bynum v. McDowell,* 3 Tenn.App. 340.

We find no ambiguity in the language of the will. It is plain and clear.

The testator, Henry R. Harris, deceased, in the present case, eliminated all doubt or speculation as to the time death should occur by expressly stating in his will that

"in case of his daughter Linda's death before her mother without issue then over to the mother not for life but in fee to be reduced to a life estate only if she re-married." See *Eckhardt v. Phillips*, 176 Tenn. 34, 137 S.W.2d 301.

It is clear from the Henry R. Harris will that his daughter, Linda, and wife, Mary I., were the exclusive ones to whom he desired to give his property; that they were the primary objects of his bounty and that the heirs of his brother and sisters only entered remotely into his plan of disposing of his property.

It results that we find no error in the decree of the Chancellor sustaining the demurrer and it is affirmed.