Eleanor Bosworth SHANNON et al., Appellants,

v.

UNION PLANTERS NATIONAL BANK, Trustee, et al., Appellees.

Supreme Court of Tennessee.

May 24, 1976.

---

6. See T.C.A. §§ 13–302 *et seq.*; T.C.A. § 53–2048 *et seq.*

Henry M. Beaty, Jr., Beaty & Crawley, Memphis, for appellants.

James M. Manire, John H. Harris, Jr., Thomas R. Price, Goff, Canale, Kizer & Cribbs, Memphis, for appellees.

COOPER, Justice.

## OPINION

Appellants, plaintiffs below, filed an action in the Chancery Court of Shelby County seeking a declaratory judgment for the purpose of determining the proper construction of the will of the late E. Clovis Hinds. Appellees, defendants below, filed a motion to dismiss on the ground that the construction of the will set forth in the complaint was "in direct violation of the intention of the testator as set out plainly on the face of the will." The chancellor sustained the motion and entered an order dismissing the complaint, with prejudice. The action is before this court on direct appeal from that order.

The will of E. Clovis Hinds was executed in 1946 and admitted to probate shortly after his death in 1949. It creates a testamentary trust of his stock in Memphis Memorial Park in favor of his wife and children as income beneficiaries for life and further provides for disposition of the stock upon the deaths of his wife and children. Relevant portions of the will are quoted below:

> ITEM II. I give and bequeath to the UNION PLANTERS NATIONAL BANK & TRUST COMPANY, AS TRUSTEE, all of the shares of stock which I own in the Memphis Memorial Park, a corporation, being six hundred and forty (640) shares, to be held by said Trustee for the benefit of my wife and children for and during their respective natural lives, the number of shares to be so held in trust for the benefit of my wife and for the benefit of each of my respective children being hereinafter set out. And the trust herein created for my wife shall constitute a separate and independent trust, and the trust herein created for each of my children shall constitute a separate and independent trust.

> The number of shares so to be held by the Trustee for the benefit of my wife and children, respectively, for and during their respective natural lives, is as follows:

> One Hundred (100) shares for the benefit of LELIA A. HINDS, my wife, of Memphis, Tennessee;

> One Hundred (100) shares for the benefit of STANLEY R. HINDS, my son, of Tupelo, Mississippi;

One Hundred and Fifty (150) shares for the benefit of ELEANOR HINDS BOSWORTH, my daughter, of Memphis, Tennessee;

One Hundred and Ninety (190) shares for the benefit of BESS HINDS ANDERSON, my daughter, of Memphis, Tennessee;

Fifty (50) shares for the benefit of STREET L. HINDS, my son, of Fort Worth, Texas;

Fifty (50) shares for the benefit of EVA HINDS DAVIS, my daughter, of New Orleans, Louisiana.

\*      \*      \*      \*      \*      \*

*ITEM IV.* At the death of my wife, Lelia A. Hinds, the trust provided for her shall cease and terminate, and the shares of stock in the trust above provided for her shall go into and become a part of the other remaining trusts, each of the remaining trusts sharing therein in the proportion that the number of shares in each remaining trust bears to the total number of shares in all the remaining trusts. And at the death of each one of my sons or daughters above mentioned, the trust provided for him or her shall cease and terminate, and if he or she die without issue, the shares of stock provided in the trust for such deceased son or daughter shall go to and become a part of the remaining trusts (including the trust for my wife if she be living), each remaining trust sharing therein in the proportion that the number of shares in each remaining trust bears to the total number of shares in all said remaining trusts; but if such son or daughter so dying leaves a child or children, then the number of shares in said trust for such deceased son or daughter shall go to his or her children, share and share alike, absolutely and free of said trust, the children of any deceased child to take their parent's share.

If the last survivor of my said sons and daughters should die without issue, then the shares of stock or other property embraced in the trust for said last survivor

shall go absolutely to my heirs or distributees at law according to the Tennessee law of descent and distribution in force at the date of the execution of this will.

Lelia A. Hinds, Stanley R. Hinds, Eleanor Hinds Bosworth, Bess Hinds Anderson, and Eva Hinds Davis survived the death of E. Clovis Hinds. Street L. Hinds predeceased his father.

Since the death of E. Clovis Hinds, his wife, Lelia, and daughters, Eva, Eleanor, and Bess, have died. Stanley R. Hinds, a defendant in this case, is thus the sole surviving income beneficiary of the trust created by the will of E. Clovis Hinds.

Until the death of Bess Hinds Anderson in 1974, no controversy concerning the construction of the will had arisen. The present controversy was precipitated by the fact that Bess Hinds Anderson died leaving no children. Under the residuary clause of her will, the stock of which she had been the income beneficiary was devised to the great-grandchildren of E. Clovis Hinds.

The minor appellants in this case are certain great-grandchildren of E. Clovis Hinds who would receive a greater proportionate share of the stock if, as insisted by appellants, the stock passes under the will of Bess Hinds Anderson. If, however, the stock passes under the will of E. Clovis Hinds into the sole remaining trust, appellee Stanley R. Hinds, being the sole surviving child of E. Clovis Hinds, would become the life income beneficiary of the majority of the stock. Upon Stanley's death and the termination of his trust, his only child, Katherine Hinds Smythe, would become the absolute owner of the majority of the stock. The minor appellees in this case are the children of Katherine Hinds Smythe.

The specific provision concerning disposition of the stock upon the death of any of the testator's children without issue is contained in Item IV and reads as follows; "And at the death of each one of my sons and daughters above mentioned, the trust provided for him or her shall cease and terminate, *and if he or she die without*

*issue,* the shares of stock provided in the trust for such deceased son or daughter shall go to and become a part of the remaining trusts (including the trust for my wife if she be living) . . .." [Emphasis added.] Appellants insist that the phrase, "if he or she die without issue," means a death without issue before the death of the testator, E. Clovis Hinds. Since Bess Hinds Anderson survived the death of the testator, appellants insisted that the limitation over in favor of the remaining trust, that of Stanley R. Hinds, failed. Appellants further insist that upon surviving the death of the testator, Bess Hinds Anderson was vested with an absolute estate and complete power of disposition of the stock of which she had been designated the income beneficiary by the will of E. Clovis Hinds. Accordingly, appellants take the position that Bess Hinds Anderson's interest in the stock of Memphis Memorial Park passes under her will, not that of E. Clovis Hinds.

Appellants rely on the rule of construction providing that if there is an immediate gift to a devisee with a limitation over in the event of death without issue, the limitation over will take effect only in the event of the death of the first-named devisee before the death of the testator. *Meacham v. Graham,* 98 Tenn. 190, 39 S.W. 12 (1897). Appellants also insist that this rule of construction has been codified at T.C.A. § 64–104 and that the chancellor erred in failing to apply that provision in the present case. T.C.A. § 64–104 provides as follows:

> Every contingent limitation in any deed or will, made to depend upon the dying of any person without heir, or heirs, of the body, or without issue of the body, or without children, or offspring, or descendants, or other relative, shall be a limitation to take effect when such person dies without heir, issue, child, offspring, or descendants, or other relative, as the case may be, living at the time of his death, or born to him within ten (10) months thereafter; unless the intention of such limitation be otherwise expressly and plainly declared in the face of the deed or will creating it.

■ T.C.A. § 64–104 is not a statutory codification of the common-law rule of construction relied on by appellants. Nor is it an abrogation of that rule. In *Frank v. Frank,* 120 Tenn. 569, 111 S.W. 1119 (1908), the Supreme Court held that the provision now codified at T.C.A. § 64–104 was enacted to change the common-law rule that the term "death without issue" meant an indefinite failure of issue. This is the only effect of T.C.A. § 64–104. The rule of *Meacham v. Graham, supra,* is still recognized in Tennessee. *See Martin v. Taylor,* 521 S.W.2d 581 (Tenn.1975); *Johnson v. Painter,* 189 Tenn. 307, 225 S.W.2d 72 (1949); *Scruggs v. Mayberry,* 135 Tenn. 586, 188 S.W. 207 (1916); *Katzenberger v. Weaver,* 110 Tenn. 620, 75 S.W. 937 (1903).

■ The present case, however, is distinguishable from all the above-cited cases in which the rule was applied to defeat the limitation over. In those cases the first-named devisee was granted a fee simple or other absolute interest in the property being devised. The rule and reason for its application in such cases is well stated by the court in *Meacham v. Graham* :

> The rule is that, *where an absolute power of disposition is given by will in the first instance,* followed by a limitation over in the event of the death of the first taker without living children, it will be held to mean death occurring before the death of the testator, unless a contrary intention clearly appear[s] from other provisions, *for he cannot be presumed to intend to cut down a fee already given by prior provisions under the items of a subsequent provision.* 98 Tenn. at 207–08, 39 S.W. at 15 [emphasis added].

Under the will of E. Clovis Hinds, however, the first-named devisees, his wife and children, were granted only a life estate in the income produced by the stock in Memphis Memorial Park, corpus of the trust. Thus, it expressly appears on the face of the will that the testator in the present case did not intend that the first-named devisees would in any event take an absolute interest. When the limitation over is dependent upon

the termination of less than an absolute estate, the rule of *Meacham v. Graham* does not apply. *Griffin v. Griffin,* 183 Tenn. 693, 195 S.W.2d 5 (1946); *Cook v. Collier,* 62 S.W. 658 (Tenn.Ch.App.1901).

Furthermore, the rule of *Meacham v. Graham* is not a rule of property but merely a rule of construction which yields in all cases to the intention of the testator. *Eckhardt v. Phillips,* 176 Tenn. 34, 137 S.W.2d 301 (1949). From a reading of the entire will in this case, we are convinced that the clear and unambiguous intention of E. Clovis Hinds was that upon the deaths of his wife and children, whether before or after his own death, the stock would pass under his will, not the respective wills of his wife and children. We find no evidence of an intent to assure an equal distribution of the stock to his grandchildren; nor do we find evidence of an intent to protect the more remote descendants, his great-grand-children. Rather, the will of E. Clovis Hinds reveals on its face that its primary purpose was to provide a substantial income for his wife and children during their lives. Consistent with this purpose, we hold that upon her death without issue, the stock of which Bess Hinds Anderson had been the income beneficiary passed under the will of E. Clovis Hinds to the remaining trust, of which Stanley R. Hinds will be the income beneficiary for the remainder of his life. At his death, the stock will pass absolutely to any child or children surviving him.

The chancellors order dismissing the complaint is affirmed, and costs incident to this appeal are taxed to appellants.

FONES, C. J., and HENRY, BROCK, and HARBISON, JJ., concur.