BEN DICKSON et al., Trustees, Appellants,

*v*.

MRS. F. S. (IDA D.) HOUSTON et al., Appellees.

425 S.W.2d 586.

(*Knoxville*, September Term, 1967.)

Opinion filed March 8, 1968.

IVAN T. PRIVETTE, Knoxville, for appellants.

BENTON H. JONES and KENNETH GRESHAM, SR., Knoxville, for appellees.

MR. JUSTICE CRESON delivered the opinion of the Court.

This case involves construction of the will of Elmer Luther Maples. The Chancery Court of Knox County, Tennessee, rendered decision in favor of the appellees, upon stipulated facts. It is for this reason that the appeal comes directly to this Court, under T.C.A. sec. 16-408.

Ben Dickson, et al., are the trustees of the Fort Sanders Baptist Church, an unincorporated religious organization in Knox County. Appellee, Mrs. F. S. (Ida D.) Houston, is the beneficiary of the will of Mrs. Dora S. Maples, former wife and widow of Elmer Luther Maples. Appellee Jack D. Houston is administrator cum testamento annexo under the last will and testament of Mrs. Dora S. Maples.

This suit involves the ownership of a house and lot located at 2217 Highland Avenue, Knoxville, Tennessee. Title to the property was vested solely in Elmer Luther Maples, prior to his death. He also owned, with Dora S. Maples, as tenants by the entireties, a house and lot adjacent to the disputed property. His personal property holdings were insubstantial.

The will of Elmer Luther Maples was apparently drawn by an attorney. In Section I, the testator provided for the payment of debts, funeral expenses and administration expenses. In Section III, the last part, Mrs. Dora Maples was named executrix, with full power to execute the will according to its true and intended meaning; and was excused from bond, report and settlement. Section II contained two sentences set forth in separate paragraphs. This section forms the hub of this litigation. It is as follows:

"I give, devise and bequeath to my beloved wife, Dora Maples, all of my property, real, personal and mixed wherever situated, now or hereafter owned by me.

After the death of my wife, it is my will and I hereby give, devise and bequeath all of the rest and residue of my estate to the Fort Sander's Baptist Church, 1646 Highland Avenue, Knoxville, Tennessee."

This will was executed on the 22nd day of April, 1959, and was probated on May 5, 1960, one week after the testator's death.

The testator's wife, Dora S. Maples, died testate in Knox County, Tennessee, on March 4, 1965. In her will, executed on November 24, 1962, more than two years after the death of her husband, she made the following provision:

"I give, devise, and bequeath all my property, real, personal, and mixed, to my friends and neighbors, Mr. and Mrs. F. S. Houston, who have looked after and cared for me since the death of my husband."

There are no questions directly concerning the will of Mrs. Maples involved in the present litigation.

All the facts in the case were stipulated by the parties and may be summarized as follows: (1) That Elmer Luther Maples died testate on April 28, 1960, and was, at the time of his death, the owner in fee simple of the property referred to as 2217 Highland Avenue, Knoxville, Tennessee, (2) that Dora S. Maples was his surviving widow, and that she died testate on March 4, 1965, leaving the property in question to Mr. and Mrs. F. S. Houston, (3) that the appellees took possession of the property immediately after the death of Mrs. Maples, collected the rents and paid certain expenses with respect to the property, and (4) that Mrs. Dora S. Maples was a member of Fort Sanders Baptist Church, but Elmer Luther Maples was not.

The appellants filed the original bill, seeking (1) a decree that the trustees of the Fort Sanders Baptist Church were the rightful owners of the property in question, (2) possession of the property, and (3) an accounting from the appellees for all rents and profits from the date of Mrs. Maples' death to the present. It is their contention that, by the testator's will, Mrs. Dora Maples took only a life estate in the property, with a fee simple remainder vested in the trustees of the Fort Sanders Baptist Church and their successors in office.

The appellees, by their answer, denied that their possession of the property was unlawful. They alleged that under the will of Elmer Luther Maples, Mrs. Maples received the property in fee simple; and that she devised that same property, in fee simple, to the appellee, Mrs. F. S. Houston.

The Chancellor's decree, in favor of the appellees, was elucidated by a memorandum opinion. He concluded that the two paragraphs in Section II of the will were re-

pugnant. He further found that the first paragraph in Section II was plain, clear, unambiguous, and open to no doubt whatsoever; and that clause passed an absolute fee simple title to Mrs. Maples of all the property owned by the testator at the time of his death. He took the view that, since the testator had given "all" his property to his wife, there could be no "rest or residue"; and therefore the second paragraph in Section II was void and ineffective.

This appeal comes to us for hearing de novo upon the record, accompanied by a presumption of the correctness of the Chancellor's decree. T.C.A. secs. 27-303 and 27-304. It is also pertinent to here say that if the decree of the Chancellor below is correct for any reason, whether for that stated or another, it is our function to affirm that decree, stating our reason. *Cannon Mills, Inc. v. Spivey* (1961) 208 Tenn. 419, 346 S.W.2d 266.

There is no room for debate, in light of rules of property long recognized in this State, that the first paragraph of Section II of the will of Elmer Luther Maples passed his entire title to all property of which he died seized and possessed; and was adequate to create in his surviving widow, Dora Maples, a fee simple estate. T.C.A. sec. 64-101 and sec. 64-501, and authorities there cited.

This is not disputed by the appellants, in so many words. The contention of appellants is that the second paragraph in Section II shows an intent on the part of the testator to pass a less estate or interest than a fee simple, in the first paragraph. They urge that Mrs. Maples took only a life estate, with the remaining fee simple estate going to them.

The question for decision thus becomes whether the subsequent language, that in the second paragraph of Section II, serves to diminish to a lesser estate the fee simple vested in Mrs. Maples in the first paragraph of Section II.

■ The rule of construction to be applied in determining this issue was stated in *Meacham v. Graham* (1897) 98 Tenn. 190, 39 S.W. 12, as follows:

"The rule is well settled that courts refuse to cut down an estate already granted in fee or absolutely, when the supposed terms of limitation are to be found in some subsequent portion of the will, and are not, *in themselves, clear, unmistakable, and certain, so that there can be no doubt of the meaning and intention of the testator.*" (Emphasis added)

See also *Smith v. Reynolds* (1938) 173 Tenn. 579, 121 S.W.2d 572; 4 Page on Wills, sec. 37.28 (Bowe-Parker Ed.)

■ The limiting clause in the present case states that at Mrs. Maples' death, "all of the rest and residue of my estate" goes to the Church. In our view this language is neither clear, unmistakable nor certain, exactly what estate in quality or in quantity the testator intended to pass to the Church. This Court can draw no other conclusion but that the language of the second paragraph is ambiguous, and lacks sufficient clarity and definition to be given effect as a limitation upon the absolute fee simple devise in the first paragraph.

The decision of this Court in *Bradley v. Carnes* (1894) 94 Tenn. 27, 27 S.W. 1007, is apposite here; not because of being factually identical, but for the reason that similar language there casts doubts upon the content of

the estate intended to pass by the original devise. There, this Court said:

> "The property was willed to her for her special comfort, benefit, and support; 'and, if she think it advisable, she may sell and convey the right of the land.' This is equivalent to saying she may sell and convey if she wishes or wills to do so. If she had disposed of the land in her lifetime, can it be doubted that the purchaser would have taken a good title? The language of the devise over is, '*If anything remains at her death, it shall go,*' etc. *This must necessarily mean that during her life she could have consumed and disposed of it all.*" (Emphasis added)

\*  \*  \*  \*  \*  \*

> "We are of opinion the power of disposition was unlimited in the first taker, and, this being so, the remainder over was inconsistent with it, and void, and the estate of Mrs. Carnes was absolute, and descended on her death to her heirs; and the decree of the chancellor is affirmed, with costs."

In *Smith v. Reynolds,* supra, this Court also examined a limiting clause. That will was composed of the following language:

> "I, Matt B. St. John, this April 12th, 1933, being of sound mind do hereby will and bequeath to my wife, Agnes Kerwin St. John, my entire estate with both real and personal property inclusive, \* \* \*.

\*  \*  \*  \*  \*  \*

> At Agnes Kerwin St. John's death this estate is by my wish returned to my nearest blood kin.

\*  \*  \*  \*  \*  \*

While the Court there discussed at some length the precatory nature of the language used, the holding is nevertheless applicable here, in saying:

"But it can hardly be denied that there is doubt and room for difference of opinion. Admitting there is doubt in the meaning, the contention for the limitation must fail, in application of the apt expression of the rule we have heretofore quoted, 'we do not easily trade a certainty for a doubt'. We quote, also, on this point the following vigorous statement from Lord Brougham, in the case of *Thornhill v. Hall,* 8 Bligh. 88, 107:

'My Lords, I hold it to be a rule that admits of no exception in the construction of written instruments, that where one interest is given, where one estate is conveyed, where one benefit is bestowed in one part of an instrument, by terms clear, unambiguous, liable to no doubt, clouded by no obscurity, by terms upon which, if they stood alone, no man breathing, be he lawyer, or be he layman, could entertain a doubt, in order to reverse that opinion to which the terms would of themselves and standing alone have led, it is not sufficient that you show a possibility, it is not sufficient that you should deal in probabilities; but that you must show something in another part of that instrument which is as decisive the one way as the other terms were decisive the other way, not by the or dubium or possible or even probable; but that it must be taken away, and can only be taken away by expressum et certum'."

      *     *     *     *     *     *

"It results that finding here, in the first instance, an absolute devise of a fee estate, expressed in plain and unequivocal language, while the provision for a limi-

tation over is not so expressed, but involved in at least some degree of doubt as to its meaning; and finding, further, a provision, which by implication confers upon the first taker an unlimited power of disposition, we are constrained to reverse the Court of Appeals and sustain the claim of Mrs. St. John to an estate in fee in the property passing under the will before us."

The appellants rely quite heavily on *Carson v. Carson* (1905) 115 Tenn. 37, 88 S.W. 175. The language in that will was as follows:

"Secondly, I give, devise and bequeath to my husband, W. M. Carson, the tract of land upon which I now reside, * * *; and at his death I direct that after his funeral expenses and just debts are all paid, remainder of said tract to go to * * * constituting the Board of Trustee of the Cumberland Presbyterian Church * * *." 115 Tenn. at 39, 88 S.W. at 175.

The issue in that case was stated to be whether or not an unlimited power of disposition was given to W. M. Carson. It was held:

"Taking the entire clause as a whole, we are of opinion that the estate given is not a fee, with an absolute power of disposition in W. M. Carson, but his power of disposition, if it may be so called, is merely a power to consume it by debts, but not otherwise, or in any other way to dispose of it. It is not, therefore, an unlimited power of disposition, but one limited to a power to charge it with debts." 115 Tenn. at 47, 88 S.W. at 177.

In the present case, to determine whether or not an unlimited power of disposition was given Mrs. Maples is neither controlling nor essential to reach our ultimate decision. More important, the language of the limiting

clause in that will much more specifically delineates, both as to quantity and quality, the estate to pass in remainder. A further distinction is also evident, in that the creation of a second and executory estate which serves to limit or derogate the estate in fee first granted, appears in the second clause of the devising sentence in the Carson will.

It is therefore the conclusion of this Court that Elmer Luther Maples, by his last will and testament, devised the property in question to his wife in fee simple, without any valid limitation over. The judgment of the court below is affirmed for the reasons stated in this opinion, with costs of this appeal assessed against the appellants.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.